WACO MILL & ELEVATOR CO. ET AL. v. ALLIS-CHALMERS COMPANY.

Decided March 2, 1908.

**1.—Agency—Denial of Authority—Failure to Verify Plea.**

Plaintiff's suit was based upon a contract in writing purporting to have been executed by defendant's agent; defendant denied the authority of the agent to execute the contract, but this denial was not verified; no exception was taken in the court below to this answer of the defendant, nor was any objection made to the evidence introduced by defendant in support of the plea. Held, that the failure to except to the answer and object to the evidence in the court below was a waiver of a verification of the answer, and the judgment of the court, based upon said answer and evidence, could not be attacked for the first time on that ground on appeal.

**2.—Contract—Bid or Proposal—Acceptance.**

A bid or proposal in writing to sell certain machinery contained the following stipulation: "This proposal is for immediate acceptance of the purchaser, and is subject to the written approval of the executive officer or general manager of sales of the company, and shall not be binding upon the company until so approved." Held, the writing was a mere bid or proposal, subject to approval by one of the officers therein named, and would not be binding upon the party making the proposal until so approved. An approval by some other person or officer than one of those named would not be sufficient.

**3.—Agent—Authority—Evidence.**

In the absence of evidence that the authority of an agent is evidenced by an instrument in writing, the parol testimony of his principal is admissible to prove the scope of the same.

**4.—Agency—Evidence—Declaration of Agent.**

The statements or declarations of an agent are not admissible to create or increase his authority.

Error from the District Court of McLennan County. Tried below before Hon. M. Surratt.

*A. A. Hughes, Jno. G. Winter* and *A. C. Prendergast,* for plaintiffs in error.—The plaintiff's cause of action being founded upon a contract or instrument in writing in whole or in part, and plaintiffs in their petition having charged that the same was executed by the defendant by and through its duly authorized agent, W. O. Everett, and the defendant not having denied the authority of the said Everett to execute said contract under oath in its answer, the authority of the said Everett to execute said contract and insert said clause therein became an established fact under the pleadings, and no evidence to the contrary could have disproved the same, even if any evidence had been introduced for that purpose. Rev. Stats., art. 1265, subdivision 8; City Water Works v. White, 61 Texas, 537, and authorities there cited; International & G. N. Ry. Co. v. Campbell, 20 S. W., 845; Miller & Co. v. T. & N. O. Ry. Co., 83 Texas, 519; W. U. Tel. Co. v. Carter, 94 S. W., 206; Drew v. Harrison, 12 Texas, 279-280; Austin v. Towns, 10 Texas, 29; Gulf C. & S. F. Ry. Co. v. Wilson, 26 S. W., 131; San Antonio & A. P. Ry. Co. v. Harrison, 72 Texas, 480.

*Jno. W. Davis,* for defendant in error.—When the liability of de-

fendant depends upon facts extrinsic to the instrument sued on, a plea of general denial puts the plaintiff upon proof of facts alleged. Fowler v. Davenport, 21 Texas, 627; Cushing v. Smith, 43 Texas, 261.

The denial under oath, only puts in issue the execution of the instrument sued on. It is not necessary to enable an explanation. Prince v. Thompson, 21 Texas, 277.

Failure to deny under oath admits the instrument sued on in evidence and only dispenses with proof of execution. Yeary v. Cummins, 28 Texas, 94; Barron v. Phileo, 14 Texas, 345.

A contract is incomplete as long as one of the parties has the right to accept or reject the proposition. James v. King, 3 Texas Civ. App., 490; Kraft v. Sims, 1 Texas Civ. App., 176; Leonard v. Portier, 3 Texas Civ. App., 431; Flomerfelt v. Hume, 31 S. W., 679; San Antonio Gas Co. v. Marx, 13 Texas Ct. Rep., 442.

The authority of Everett to execute the instrument of writing sued on was not denied under oath, resulting in no issue being made by the pleadings as to the execution of the instrument sued on, but when it becomes necessary to allege facts outside of the instrument to avoid the conditions and stipulations of the instrument, then an issue on such extraneous allegations is made by a general denial. Summers v. Mills, 21 Texas, 78; Missouri, K. & T. Ry. Co. v. Columbus, 119 U. S., 149; Ingram v. Cisco Oil Mill, 86 S. W., 630; Whittaker v. Zeihme, 61 S. W., 499; Prince v. Thompson, 21 Texas, 482; Fulshear v. Randon, 18 Texas, 277.

Where written instrument is executed in principal's name by agent, the instrument itself must show that the principal was intended to be bound. Giddens v. Byars, 12 Texas, 81.

The terms of the written instrument determine agents authority. Reese v. Medlock, 27 Texas, 123.

Agent authorized to do a particular thing in a particular way, persons dealing with him are chargeable with notice of limitations on authority. Cole v. Bammell, 62 Texas, 143.

Person appointed to make negotiation for contract of sale, or seek purchaser, can not bind principal by written contract. Fisher v. Bowser, 41 Texas, 223; Cohen v. Washer, 64 Texas, 132; Gulf C. & S. F. R. R. v. Poindexter, 70 Texas, 107; Donnan v. Adams, 71 S. W., 580.

Person dealing with agent must enquire as to his powers. Franco T. L. Co. v. McCormick, 85 Texas, 422.

If the writing shows that the agent can and is authorized to perform a particular act, but did not authorize him to vary the terms, he can not bind the principal by a contract varying the terms of the writing. Mann v. Dublin, 92 Texas, 379; Weekes v. Shapleigh, 51 S. W., 67.

One dealing with agent must inform himself if the proposed contract is within the scope of agent's authority. Houston v. Hill, 63 Texas, 384.

One claiming under contract executed by agent, is bound to know extent of agent's authority, unless he has been held out as having powers not in fact conferred. Green v. Hugo, 81 Texas, 457.

Where creditor has, by correspondence, insisted on strict compliance,

debtor is bound to enquire into authority of agent. Thompkins v. Peter, 84 Texas, 631.

Recitals in written instrument to effect that agent can not make a binding contract, is notice to party dealing with agent. Nat. G. L. & T. Co. v. Thomas, 67 S. W., 454.

It is the duty of every one executing a writing to be aware of its contents before signing. Williams v. Rand, 30 S. W., 409; Robertson v. Smith, 11 Texas, 217.

Where creditor has by correspondence insisted on strict compliance, debtor is bound to enquire as to authority of agent. Thompkins v. Peter, 84 Texas, 631.

The proposals contained notice of lack of authority in Everett. Nat. G. L. & T. Co. v. Thomas, 67 S. W., 454; Hunter v. Lastham, 67 S. W., 1080; Davis v. Lemon, 1 W. & W., sec. 291; Hines v. Perry, 25 Texas, 443.

A contract is incomplete as long as one of the parties has the right to accept or reject the proposition. James v. King, 3 Texas Civ. App., 490.

If acceptance of proposition varies terms offered, it is a rejection and puts an end to proposed agreement. Flomerfelt v. Hume, 31 S. W., 679.

The minds must meet. A small difference will defeat a contract. San Antonio Gas Co. v. Man, 13 Texas Ct. Rep., 442.

Contracts. Offer. Acceptance. Modification. Ingram v. Cisco Oil Mill, 86 S. W., 630; Whittaker v. Zeihme, 61 S. W., 499.

Contracts must have mutual assent. The assent must comprehend the whole of the proposition. It must be exactly equal to its extent and provisions and it must not qualify them by any new matter. Summers v. Mills, 21 Texas, 78; M. & St. L. Ry. Co. v. Columbus,

FISHER, Chief Justice.— This is a suit for damages brought by the plaintiff in error against the Allis-Chalmers Company for breach of what is ·alleged to be a written contract, entered into by and between the parties on the 18th day of February, 1905.

The plaintiff in error alleged that the contract in question was in writing, and was executed by the defendant in error by and through its duly authorized agent, W. O. Everett, and that said contract was signed by Everett as the representative and agent of the defendant, and was at the same time signed and accepted by the plaintiff, that by the terms of the agreement the defendant in error was to furnish the plaintiff in error with certain machinery and material and to do certain work in the construction of a flour mill for plaintiff in error at Waco, Texas, in consideration of certain sums of money to be paid by the plaintiff in error. It is alleged that the defendant in error breached the contract, in that it failed and refused to perform the same, as agreed, and that by reason thereof the plaintiff was required to purchase the machinery and material from other parties, and did contract to have the work performed by other parties, and was thereby compelled to pay a greater price than that agreed upon in the contract with the defendant in error. This difference is alleged to be the sum of $1800.

The defendant answered by plea in abatement, special exceptions, general denial, and a special plea that defendant in error never entered into any contract with the plaintiff, but merely submitted a proposal to the plaintiff, which would only become binding when accepted by the plaintiff and accepted and approved by the defendant; that the proposal submitted was changed by Everett and the plaintiff, and that the change was made without authority of the defendant, and therefore the defendant declined to accept and approve the written instrument declared on by the plaintiff. This plea denying the authority of Everett was not sworn to.

The case below was tried before the court without a jury, and judgment rendered in favor of the defendant. The trial court filed conclusions of fact and law, which are as follows:

"In this case plaintiff sued defendant for damages for the violation of an alleged contract for sale by defendant to plaintiff of certain machinery, the defendant denying ever having made such contract.

"The facts are that plaintiff, having advertised for bids to sell it such machinery, the bid made by defendant's agent was accepted by plaintiff, and a contract entered into by plaintiff and defendant's agent, W. O. Everett, on the 2d day of February, 1905, setting out an itemized list of the machinery to be furnished, the price to be paid, and terms of payment, and many other matters of detail in and about the erection of said machinery, which contract was prepared on a blank form of printed contract of the defendant company, and is termed by it a 'proposal,' and has in it this provision: 'This proposal is for immediate acceptance of the purchaser, and is subject to the written approval of an executive officer, or the general manager of sales of the company, and shall not be binding upon the company until so approved,' and this contract, or rather proposal, as it is called, was forwarded to the defendant company by its agent W. O. Everett for approval. The company declined to approve said contract or proposal, and there was prepared at its home office at Milwaukee, Wisconsin, by defendant's manager of its flouring mill department, another proposal for the sale of said machinery to the plaintiff, to which was attached specifications setting out in detail what defendant proposed to do, and what they would not do, with regard to the furnishing and erection of said machinery (which was the machinery for a flouring mill at Waco, Texas,) said proposal and specifications being dated February 10, 1905, which said proposal and specifications were forwarded from the home office of the defendant to its agent in Texas, W. O. Everett, for plaintiff's acceptance and signature. This proposal when signed by both parties, was intended, with the specifications attached, to constitute the contract between the parties, and has in it a paragraph as follows: 'All the terms and provisions of the contract between the parties hereto are fully set out herein and no agent, salesman or other party is authorized to bind the Company by any agreement, warranty, statement, promise or understanding, not herein expressed, and no modification of the contract shall be binding on either party unless the same is in writing, accepted by the purchaser and approved in writing by one of the company's executive officers or general manager of sales; and it is expressly agreed and understood that there are no promises,

agreement, verbal or otherwise, outside of this contract, with its attached specifications;' and also another paragraph as follows: 'This proposal is for immediate acceptance of the purchaser, and is subject to the written approval of an executive officer or the general manager of sales of the company, and shall not be binding upon the company until so approved.'

"Defendant advised plaintiff that it had forwarded this proposal and specifications to its agent for plaintiff's signature, and when the matter was first broached between defendant's agent and plaintiff as to the signing of said contract it was discovered that plaintiff wanted more machinery than was called for therein, which being submitted by telegram to defendant's home office, defendant's manager of its flour mill department in Milwaukee agreed to furnish said additional machinery for $200, and the defendant's agent in Texas was authorized by him to make such additions of machinery and price in writing in the proposal to be submitted to plaintiff. Everett, the Texas agent, made the additional changes in the proposal and specifications and presented the same to plaintiff for signature. Plaintiff, who was represented by its President, Krank Kell, declined to accept and agree to such proposal and sign same, and finally he and the defendant's agent, Everett, on the 18th day of February, 1905, agreed to insert in the same this language, which they did insert therein before signing said proposal, as follows: 'This is intended to be a duplication of contract signed in Waco, excepting modification of terms of payment and increase in price as herein specified.' The contract referred to in the above clause signed at Waco, was the one of February 2, whch had been first made between Everett and plaintiff, and which had been forwarded by Everett to the defendant company, and which had been rejected by the company, as above stated. The proposal and specifications were thereupon signed by plaintiff by its President, Frank Kell, and by said W. O. Everett for defendant and returned to the home office of defendant by its agent Everett, and the defendant promptly declined to approve same because of the insertion by its agent Everett of the clause last above quoted without its authority, and it at once so notified plaintiff, and that it would not approve said contract without the elimination of this clause, which had been inserted by Everett contrary to the provisions of said contract as quoted herein. Plaintiff declined to sign any contract without said clause being inserted therein, and thus the matter ended,—defendant offering to sign a contract without said clause, and the plaintiff declining to make any contract without such clause in it.

"I find that Everett had no authority from the defendant to insert in said contract the language above quoted."

"*Conclusions of Law.*—Under this state of facts I think it is clear that defendant was not bound by said contract as signed by Everett. I understand the law to be that when a written proposal is made by one party to another, the other must accept it as submitted to him in order to bind the parties submitting it, and having found the defendant's agent Everett had no authority to insert the clause as to said contract being a duplication of a contract which had been rejected by the defendant it was not bound thereby and had a legal right, upon the same

being submitted to it, to refuse to be bound thereby, and that the legal result of the facts show that in law no contract was ever entered into between the plaintiff and defendant, as contended by the plaintiff herein."

It will be seen from the facts and conclusions of law of the trial court that in disposing of the case in favor of the defendant, the court acted upon the assumption that Everett had no authority to change the terms of the proposed contract, or insert the objectionable clause pointed out in the findings of the trial court. We have examined the record closely, and we find that there was no objection interposed to the plea of the defendant in the court below, on the ground that the answer denying Everett's authority was not sworn to; nor was there any objection interposed by the plaintiff to the evidence limiting Everett's authority, as tending to show that he was not authorized to make a contract binding upon the defendant, on the ground that the answer of the defendant denying his authority was not sworn to.

The contention is here urged in various assignments of error that the finding and conclusion reached by the trial court that Everett did not have the authority to change or add to the proposed contract, was unauthorized, on account of that provision of the law that makes the authority of the agent conclusive where the suit is predicated upon a written instrument purported to be signed by him for his principal, unless the answer denying his power is sworn to. In justice to the findings of the trial court as here questioned, we are of the opinion that the question was not raised on the trial of the case, for, as before said, we find that no exception was raised to the evidence of a number of witnesses which tended to show that Everett did not have the authority claimed by the plaintiff, and that the answer denying his authority was not objected to on the ground that it was not sworn to.

But however, admitting that the plaintiff in error is correct in this contention, still the judgment below should not be disturbed if we are correct in the construction we propose to give the supposed contract. However, in this connection it is well to say that as a matter of fact the evidence shows that Everett was a mere salesman, and had no authority to make a contract binding upon the defendant in error without their acceptance and approval. And it also appears from the evidence that the party mentioned in the findings of fact of the trial court as defendant's manager of the flour mill department was not an executive officer of the defendant company, nor was he the general manager of sales of that company; and it appears that he had no authority to execute and consummate a contract with the plaintiff without first submitting the same for the written approval of an executive officer or general manager of sales of the defendant company.

But, acting upon the theory that Everett had the authority to execute the instrument declared upon, it is apparent that that instrument would not become effective and binding, unless one of its material stipulations could be held to be waived or should for some reason be annulled, and this stipulation contained in the instrument is as follows: "This proposal is for immediate acceptance of the purchaser, and is subject to the written approval of the executive officer or general manager of sales of the company, and shall not be binding upon the com-

pany until so approved." The instrument when executed contained this stipulation, and we find nothing in the record which would justify the theory that it was waived, and that the parties intended that it should not be binding upon them. The plaintiff in its pleading attacked this stipulation substantially to the effect that it was waived, or that it was permitted to remain in the written instrument by oversight and mistake, that the contract was complete without it, and was so intended by the parties. There is a good deal of evidence which the plaintiff claims tends to establish these facts, but the construction we place upon the testimony does not, in our opinion, justify the effect sought to be given to it by the plaintiff. When the instrument which the plaintiff alleges to be the contract was forwarded to the home office of the defendant, the executive officers of the company promptly declined to approve it and stated their reasons for so doing; but in view of the stipulation permitting them to reject and decline to approve, they could have exercised that privilege without giving any reason therefor. Of course, the stipulation could be waived, or they could authorize their agent to waive it, but the facts do not justify the conclusion that this was done. The stipulation was preserved in the contract evidently for an important purpose, which is well illustrated by facts of this case. The instrument that contained this stipulation was evidently prepared by the defendant, and it was sent to the plaintiff from their home office, and in order to limit the power and authority of their salesman, or one undertaking to represent them, and to correct any abuse of authority or imposing any stipulation which was not previously provided for, the defendant wisely preserved the power to reject and disapprove an instrument purporting to be a contract entered into between its agent and a proposed purchaser. A contract with this provision in it means that it is merely a proposal, subject to approval, and would only become binding upon the defendant when so approved.

Plaintiff in error in its ninth assignment of error complains of the action of the court in admitting the evidence of the witness Whiteside, to the effect that Everett had no authority to execute a binding contract upon the defendant in error, and stating that his authority was merely that of a salesman. The assignment as set out in the brief states that the objection was that Everett's authority was in writing and was the best evidence. In view of our ruling, this evidence becomes immaterial, because if it be conceded that Everett had the authority to execute the instrument in question, it was not a binding contract until approved by the defendant, which the court below finds was not the case, but was promptly rejected; but however, we find nothing in the record to show that Everett's authority was in writing. We find that there are certain written documents, telegrams and letters which passed between the defendant and plaintiff, but we find nothing in those instruments that specifically defines Everett's authority. Whiteside, the witness whose evidence is here objected to, was shown to be one of the executive officers of the defendant company.

What we have just said also disposes of the tenth and eleventh assignments of error. The twelfth, thirteenth and fourteenth assignments complain of the action of the court in admitting the evidence of

certain witnesses testifying in effect what was the authority of J. F. Harrison, the party who it seems sent the proposal to the plaintiff in error, and who wrote certain letters and who sent certain telegrams to the plaintiff in error. The evidence of these witnesses, we think, was admissible. They seem to have been in a position to know the extent of the authority that could have been exercised by Harrison. They state what the nature of his employment was and what were his duties, and the tendency of the evidence of these witnesses is to establish the fact that Harrison had no power to execute a binding contract upon the defendant without the same being subject to the approval of the general manager or the executive officer, neither of which positions was occupied by Harrison.

The fifteenth, sixteenth and seventeenth assignments of error complain of the action of the court in refusing to permit the witness Frank Kell to testify as to certain statements made by Everett, tending to show that the contract sued upon was final and conclusive without the necessity of being sent back to the home office for approval. There was no error in the ruling of the court complained of. The statements and declarations of Everett were not admissible to create or increase his authority. The written instrument contains no stipulation substantially in accord with the evidence here sought to be introduced. There is nothing on the face of that instrument that tends to show that it was not required to be sent back to the home office of the defendant company for approval; nor does it contain any recital showing a waiver of the stipulation requiring this to be done. The fact that the defendant did not interpose in its answer a denial under oath of Everett's authority, would not be the basis for this proposed evidence. The failure to deny under oath merely makes conclusive the express stipulations contained in the instrument, but the failure to deny under oath would not have the effect of authorizing the plaintiff to introduce in evidence the acts and conduct of the supposed agent which is not covered by the written instrument.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused.