FOUR STATES GROCER CO v. WICKEN-
DON. (No. 2153.)

(Court of Civil Appeals of Texas. Texarkana.
Nov. 14, 1919. Rehearing Denied
Dec. 4, 1919.)

1. SALES ⟜ 23 (1) — SALESMAN'S ORDERS TAKEN SUBJECT TO ACCEPTANCE MAY BE ARBITRARILY REJECTED.

Where a special agent sent out by a mercantile corporation solicits orders from customers and transmits them to his principal at its place of business for acceptance or rejection, the duplicate order left with the customer reciting that the order was taken subject to acceptance, such orders are in legal effect no more than offers, or proposals, to buy upon terms mentioned in them and may be arbitrarily

rejected by the agent's principal if it sees proper to do so; the contract not being complete until acceptance.

2. PRINCIPAL AND AGENT ⟜ 131—SALESMAN'S FAILURE TO FORWARD ORDER TO EMPLOYER FOR ACCEPTANCE DID NOT MAKE EMPLOYER LIABLE FOR BREACH OF CONTRACT.

Where plaintiff ordered three bales of duck from defendant's salesman, the order reciting that it was subject to acceptance, and the salesman failed to forward the order to his employer, in an action for damages for breach of contract to deliver the goods ordered, a finding that if plaintiff's order had been transmitted within a reasonable time it would have been accepted could not be sustained; no duty resting upon the employer to see that such orders were transmitted to itself for confirmation.

Appeal from Bowie County Court; J. B. Lytal, Judge.

Action by T. C. Wickendon against the Four States Grocer Company. From a judgment for plaintiff, defendant appeals. Reversed and rendered.

A. L. Burford, of Texarkana, for appellant.
Mahaffey, Keeney & Dalby, of Texarkana, for appellee.

HODGES, J. This appeal is from a judgment recovered by the appellee as plaintiff against the appellant for the sum of $268.60. The material facts are practically undisputed. The appellant is a mercantile corporation with its place of business in Texarkana, Ark. The appellee, at the time of the transaction out of which this controversy arose, was a retail merchant doing business at Naples, Tex. In October, 1916, Watson Joplin, a representative of the appellant, visited Naples and took from the appellee an order for three bales of duck to be shipped August 1, 1917, at a stipulated price of 14½ cents per yard. Joplin left with the appellee a duplicate order, which is as follows:

Order No.———.          10/17/1916.
Four States Grocer Co.          Texarkana.
Ship to T. C. Wickendon
At Naples
How ship ——          When ——
This order taken subject to acceptance of 4 States Grocer Co.
Goods shipped at risk of purchaser.

| | | |
|---|---|---|
| 3 bales 8 oz. Duck | 14½ | |
| Ship Aug. 1917. | Frt. Paid | |

For some reason not necessary to be considered, the order was never sent in to the appellant, and it had no notice that the order had been taken until July 5, 1917, when it received a letter from the appellee asking that the shipment be made during the following month. The correspondence which followed this letter terminated in the refusal of

the appellant to ship the goods, and this suit was filed to recover damages.

Appellee's petition contains two counts. The first alleges a contract of purchase of the duck at 14½ cents a yard to be shipped at a future time, and a breach of that contract and resulting damages amounting to the sum of $259.85. In the second count the appellee alleged that, if mistaken in his previous averments, he says that on October 17, 1916, the defendant had representing it a traveling salesman authorized, subject to confirmation, to sell goods to merchants for future delivery; that on the above-mentioned date he purchased from this salesman the duck described in the order, for delivery in the following August; that it was the duty of this salesman to report that sale to the defendant within a reasonable time for its confirmation or approval; that the salesman undertook to perform that duty, but failed to report the sale to the defendant; and that had he done so the sale would have been ratified and confirmed by the defendant. It is further alleged that, after making the purchase above mentioned, the plaintiff believed that the salesman had reported it to the defendant and that his order had been accepted by the latter, as he had no notice to the contrary until in July, 1917. On that day he learned for the first time that the order had not been reported and that defendant would not then ratify or confirm it. He also alleged that, relying on the salesman to report that sale to the defendant, and believing that this had been done and that the order had been accepted, he failed to purchase any duck for his fall trade until after the notice from defendant that it would not fill the order mentioned. He was then forced to go into the market and purchase duck at a much higher price. It is averred that the defendant is now estopped from denying the making of the above-mentioned contract, because of the negligence of its salesman and the plaintiff's belief that his order had been received and confirmed by the defendant. The defendant answered by a general demurrer and special exceptions and general and special denial. It also alleged that the transaction relied on by plaintiff, if a contract with the appellant, was void under the statutes of the state of Arkansas, and pleaded the Arkansas statute upon that subject. The issues of fact were submitted to a jury and a verdict rendered for the amount above stated.

[1] We are of the opinion that the facts of this case are not sufficient to sustain the verdict of the jury. It is clear that no contract binding the appellant to sell the bill of goods mentioned had been made. Joplin, the traveling representative, had no authority to make a contract. He was merely a special agent sent out to solicit orders from such customers as he might select, and to transmit those orders to the appellant at its place of business for acceptance or rejection. When an order was received, the appellant had the legal right to arbitrarily reject it if it saw proper to do so. Such orders were in legal effect no more than offers, or proposals, to buy upon the terms mentioned in them. McKindly v. Dunham, 55 Wis. 515, 13 N. W. 485, 42 Am. Rep. 746; Whitaker v. Zeihme, 61 S. W. 499. The contract would not be completed till the order was accepted by the appellant. That limitation upon the authority of Joplin was known to the appellee at the time he gave his order for the three bales of duck. If Joplin did not give that information, as he testified he did, the duplicate of the order left with the appellee was sufficient notice of that fact. 24 R. C. L. p. 395. According to appellee's own testimony, he had been dealing with the appellant about two years, and in every instance duplicates bearing the same express limitation upon the authority of the agent with whom he dealt had been left with him. There appears to be no contention that he was ignorant of the contents of the duplicate, or that he was misled by anything that occurred at the time he gave the order for the goods. The contention that the appellee was induced by the appellant's previous course of dealing to believe that confirmation of orders given to Joplin was not required is not supported by the facts. The testimony upon that feature of the case does not show a course of dealing inconsistent with that requirement.

[2] The argument is made that the proof showed, and the jury found as a fact, that, if the order of the appellee had been transmitted to the appellant within a reasonable time after it was taken by Joplin, it would have been confirmed and the appellee's rights would have been fixed. From this the conclusion is drawn that, as between the appellant and the appellee, the former should suffer for the injurious consequences resulting from the failure of its agent to perform the duty assumed in that transaction. The argument is based upon the erroneous assumption that the failure of Joplin was, in legal effect, the failure of the appellant, his employer. Joplin personally owed both his employer and his customer the duty to promptly transmit orders taken in the course of his business. To hold that the appellant owed the duty of transmitting to itself for confirmation orders taken in that manner would be absurd. The very fact that the order must be accepted before the contract is made shows that the appellant was in no sense a party to the transaction of taking the order. Joplin had no authority to bind it in any manner.

We therefore conclude that the judgment of the trial court should be reversed, and judgment here rendered for the appellant; and it is so ordered.