## GUTHRIE MILL & ELEVATOR CO. v. UNION MACARONI CO.
### (No. 754.)

(Court of Civil Appeals of Texas. Beaumont. Jan. 5, 1922.)

**Sales** ⊕=23(4)—**Under facts, no meeting of minds necessary for contract.**

There was no meeting of the minds of parties, necessary for a binding contract, where buyer gave seller's agent an order for flour on a printed form, and at the same time the agent gave buyer a written memorandum which he promised to send to seller with the printed order, whereby the agent promised to write seller that · buyer was then heavily stocked, but if conditions returned to normal before shipment of the flour, buyer could use it, otherwise would not be able to do so, and the agent sent a different memorandum, on the basis of which seller confirmed the order, and afterwards, on notification of the conditions of the memorandum, refused to confirm.

·Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by the Guthrie Mill & Elevator Company against the Union Macaroni Company. Judgment for defendant, and plaintiff appeals. Affirmed.

W. M. Crook, of Beaumont, for appellant.
Bowers & McCall and F. Marion Sheffield, all of Beaumont, for appellee.

O'QUINN, J. In this opinion, we shall refer to appellant as plaintiff and appellee as defendant, this being their attitude in the trial court. Plaintiff sued defendant in the county court at law of Jefferson county Tex., to recover damages of defendant, alleged to have been sustained by plaintiff by reason of the failure of defendant to accept and pay for a car of flour alleged to have been sold by plaintiff to defendant. A trial before the court without a jury resulted in judgment for defendant, from which plaintiff has appealed.

No question is raised as to the pleadings, and the facts are agreed. They show that on December 12, 1919, defendant gave to W. G. Thomas, traveling salesman for plaintiff, an order for a car of flour, same to be shipped within 60 days from date of order; that said order was on the "Millers' National Federation Universal Sales" contract form; that said contract on its ·face contained, among other things, the following:

"This contract is made subject to the terms and conditions printed on the back hereof, which terms and conditions are binding on both parties to the contract."

That among said terms and conditions on the back thereof was:

"(3) *Contract not Subject to Change.*—That there are no conditions, representations, or warranties, oral or otherwise, and that there shall be no assignment or cancellation of this contract except as herein stated, and that no agent or representative has authority to modify the printed terms of this contract."

"(4) *Shipment within Sixty Days.*—That the commodities specified in this contract shall be shipped within sixty days from the date of confirmation by the seller unless a shorter time is herein expressly provided, and that delivery by seller to carrier at initial point is shipment."

That at the time the instrument was signed by defendant G. W. Thomas, agent of plaintiff, who solicited the order, in accordance with an agreement of defendant and himself, as agent of plaintiff, gave to defendant the following memorandum in writing, which defendant understood was to be sent to plaintiff with said printed order, to wit:

"Beaumont, Texas, Dec. 12, 1919.
"I agree to write Guthrie Mill & Elevator Co. that Union Macaroni Co. is heavily stocked to-day on a basis of present business conditions in Beaumont, but if conditions come back to normal before shipment of this car of flour, they can use the car, otherwise they will not be able to use same.
"[Signed]　　　　　W. G. Thomas."

That said agent, Thomas, did not attach to or send with the said order the aforesaid agreement, but did send the following:

"Beaumont, Texas, Dec. 12, 1919.
"Promised to mention to you that Union Macaroni Factory state if the strike conditions in Beaumont do not improve they will not be able to use the flour within sixty days and if strike is not settled at all so that usual business will return, they will not be able to use the flour in their factory, but will place it elsewhere.　　　　[Signed]　W. G. Thomas."

That defendant relied upon the representations and agreement of plaintiff's said agent that he would attach to and send with the order the memorandum given to defendant to plaintiff for confirmation, and that when defendant received plaintiff's letter confirming same, it thought that it referred to the true

memorandum given by said agent to defendant; that said order was not binding on either party until confirmed by the seller, plaintiff; that plaintiff, on December 17, 1919, confirmed said order with memorandum attached sent it by its agent, but that when it was advised by defendant that said memorandum sent in by said agent with the order was not the real agreement made by its agent with defendant, then plaintiff refused to confirm said order as modified by the written memorandum of agreement given to defendant by its agent, agreed to and signed by said agent; that defendant, after plaintiff refused to accept or confirm said order, as modified by the written memorandum of agreement signed by its agent and given to defendant, before the time for shipment notified plaintiff to cancel said order. Plaintiff has brought this suit to enforce said printed contract without the conditions shown by the written memorandum of agreement signed and given to defendant by its said agent at the time said order was taken.

Plaintiff contends: (1) That the provision in the printed contract that no agent or representative of plaintiff had authority to modify the terms of the printed contract was notice to defendant that the agent was acting in excess of his authority when he agreed to the terms and conditions contained in the memorandum given by him to defendant, and which was to be attached to the order and submitted to plaintiff for confirmation; (2) that, a contract being entered into by an agent with persons having knowledge of the scope of such agent's authority, such contract is binding upon the parties to the extent of the agent's authority, and no further; (3) that persons dealing with an agent having knowledge, or who are charged with knowledge, that the agent is abusing his authority are chargeable with notice of fraud on the principal, and they, and not the principal, should suffer the loss resulting; (4) that the contents of the memorandum left by the agent with the defendant was not known to plaintiff, the said agent having sent to said plaintiff with the order an entirely different memorandum, and that plaintiff, in attempting to confirm said order, did not confirm said memorandum given defendant, by reason of all which the court erred in not rendering judgment for plaintiff.

Defendant says that the court did not err because: (1) There never was any contract binding on the parties, for in that defendant relied upon and was induced by the representations and agreement of plaintiff's said agent to give him the order for the flour based upon the terms and conditions expressed in the memorandum, and that as the agent did not send to plaintiff the real agreement and all of the agreement of the parties for confirmation, but instead sent another and different one, to which defendant had never assented, therefore the minds of the parties had never met, and there was no contract; (2) that the representations of plaintiff's said agent in procuring from defendant said order by agreeing to and delivering to defendant the memorandum in writing containing the terms and conditions upon which the parties had agreed, and then not attaching same to the printed order and sending it to plaintiff for its confirmation, but instead attaching another and entirely different memorandum containing different conditions and terms, to which defendant did not agree, was a fraud upon defendant, and rendered it not liable.

As we view the record, there is but one question to be determined, viz.: Was there any contract? One of the essential elements of a contract is the mutual assent of the parties. There can be no contract unless the parties assent to the same thing in the same sense, and the assent must comprehend the whole proposition. If there is any misunderstanding as to any of the material portions of it there will be no contract. Summers v. Mills, 21 Tex. 78. In the instant case the agent offered to sell and the defendant agreed to buy on the conditions expressed in the written memorandum agreed to and signed by the agent, which he promised to send to plaintiff with the printed order. The contract, in any event, had to be confirmed by plaintiff, and under the law, when confirmed, it must be confirmed as a whole. The agent, without the knowledge or consent of defendant, sent with the printed order to plaintiff a different memorandum, omitting entirely the terms and conditions agreed upon with defendant, expressed in the memorandum signed by said agent and left with defendant, and plaintiff attempted to confirm the order as sent in by its agent, but when informed by defendant of the true conditions of the agreement made by its said agent with defendant, plaintiff then refused to confirm same, and insists on the sale as per the terms of the printed contract, minus the agreement in writing given by the agent to the defendant. This was a rejection of defendant's offer to buy, and plaintiff's insistence upon the terms of the printed contract is an attempt to substitute a different agreement. Under the facts the minds of the parties never met, and hence no liability on the part of defendant is shown. Gaines & Edmiston v. Perry Bros. & Rice, 102 S. W. 755; Whitaker v. Zeihme, 61 S. W. 499; Summers v. Mills, 21 Tex. 78; Connell v. Nickey, 167 S. W. 320; Case Threshing Machine Co. v. Lochridge & Denny, 195 S. W. 268; Four States Grocer Co. v. Wickendon, 217 S. W. 1104.

Furthermore, the printed instrument, without the memorandum agreed to and signed by the agent of plaintiff, cannot evidence the whole agreement made by the parties, nor can it constitute liability. It takes the printed instrument and the memorandum signed

by the agent to express the whole agreement between the parties. Bank v. McAnulty, 31 S. W. 1096. The instrument was not delivered to the agent as a present contract, nor was it intended as such when delivered to said agent, unless confirmed by the seller, plaintiff, including the conditions and stipulations contained in the written memorandum signed by the agent. In other words, the instrument, except in the event set forth in the written memorandum, was not to become a contract. The proof shows that same was not confirmed, and also that defendant canceled or withdrew his offer to buy, which it had the right to do at any time before acceptance by the plaintiff. The order was a conditional one, and could not become a binding contract until confirmed by plaintiff, and not then until the coming into existence of the conditions named in the written memorandum, which, upon confirmation, would become a material part of the contract. Burke v. Dulaney, 153 U. S. 228, 14 Sup. Ct. 816, 38 L. Ed. 698; Ware v. Allen, 128 U. S. 591, 9 Sup. Ct. 174, 32 L. Ed. 563; Barnes v. Early-Foster Co., 228 S. W. 249; Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127; Gaines & Admiston v. Perry Bros. & Rice, 102 S. W. 755; Whitaker v. Zeihme, 61 S. W. 499; Import Co. v. Duncan, 182 S. W. 888; Gupsum Co. v. Shields, 106 S. W. 724.

The proper judgment was rendered, and same is affirmed.