## STANOLIND OIL & GAS CO. v. CHRISTIAN.

### No. 4388.

Court of Civil Appeals of Texas. Texarkana.

Oct. 27, 1933.

Rehearing Denied Nov. 2, 1933.

Turner, Rodgers & Winn, of Dallas, for appellant.

Abney, Bath & O'Banion, of Henderson, for appellee.

LEVY, Justice.

The appeal is from an order overruling a plea of privilege.

On May 12, 1927, C. O. Christian executed and delivered to John Campbell a lease upon a certain tract of land described by metes and bounds for the purpose of exploration and production of crude oil, he retaining a one-eighth royalty interest. The Stanolind Oil & Gas Company subsequently acquired the lease on September 5, 1931, through mesne conveyances. On May 16, 1932, C. O. Christian brought the suit against the Stanolind Oil & Gas Company for damages for failure and refusal to protect the leased oil property against drainage by drilling an offset well. It was claimed that appellant was under an implied covenant under the written lease to protect the lines of the leased land from drainage by a drilled and brought-in producing marginal oil well on the adjoining leased tract. A copy of the petition with a copy of the lease attached was made a part of the controverting affidavit and was attached and specially referred to and was offered in evidence on the hearing of the plea of privilege.

The leased land is situated in Rusk county. The lease was executed in Rusk county. The Stanolind Oil & Gas Company is a private

corporation organized under the laws of Delaware, with a permit to do business in Texas and with Fort Worth, Tarrant county, Tex., as its office and principal place of business. The Stanolind Oil & Gas Company is operating its lease in Rusk county, and producing oil therefrom. Adjoining the west side of the leased land of the Stanolind Oil & Gas Company is a small tract of land upon which E. L. Chapman held a lease. E. L. Chapman drilled on his lease and on September 6, 1931, brought in a producing oil well, located at a point 210 feet from the boundary line of the lease held by the Stanolind Oil & Gas Company. C. O. Christian then demanded that the Stanolind Oil & Gas Company drill an offset well to the marginal oil well of E. L. Chapman, and upon the failure and refusal to do so this suit was brought. These facts appear without dispute. The written lease in evidence became purely a matter of construction of its terms by the court.

The points on appeal are, in effect, that: (1) The parties to the lease in terms expressly contracted that no implied covenant to drill oil wells shall exist; (2) the insufficiency of the allegations in the controverting affidavit to sustain venue in Rusk county; (3) the proof did not show any meritorious or legal cause of action in favor of plaintiff; (4) there was no proof of the amount of drainage or of damages to which the plaintiff would be entitled through failure to drill an offset well, nor that the appellant could have drilled the offset well producing oil at a profit.

■ It is concluded that there was not legal error of the trial court in overruling the plea of privilege. It is believed that it may be held that there was alleged and proven basis for the maintenance of the suit against the appellant in Rusk county under subdivisions 23 and 27 of article 1995, R. S., and that the venue was properly laid in that county. These subdivisions relating to venue of an action expressly authorize a suit by a plaintiff against "a private corporation," as the appellant is, to "be brought in any county in which the cause of action, or a part thereof, arose." Under this provision, the "cause of action" for a breach of implied obligation of contract, as is here claimed to exist, may be treated as composed of two elements, the contract, which is the primary right of the plaintiff, and the breach, which is the act or omission on the part of the defendant without which there would be no cause of action or right of recovery against him. 1 Tex. Jur. § 15, p. 621. As laid down, in respect to the venue, when in a given case the facts creating a cause of action appear, "it only remains to inquire where they occur." 40 Cyc. p. 82. The venue might be in the county in which the plaintiff's primary right arose, but it might be also in the county in which the defendant's breach or act or omission occurred. The words "part thereof" of the cause of action has the effect, for purposes of venue, to divide the cause of action and permit the trial to be where any portion of the cause has arisen. The requirement that "part thereof" shall have arisen in the county where the suit is brought is met by proof that the contract was made in that county. Early-Foster Co. v. A. P. Moore's Sons (Tex. Civ. App.) 230 S. W. 787; Cuero Cotton Oil & Mfg. Co. v. Feeders' Supply Co. (Tex. Civ. App.) 203 S. W. 79; Western Wool Commission Co. v. Hart (Tex. Sup.) 20 S. W. 131. In this case it is undisputed that the lease which imported the implied covenant was executed in Rusk county, and that the lease was being operated in that county by the appellant in the production of oil. Under the implied covenant, the offset well could be drilled only on the leased land in Rusk county.

■ The trial court decided, as involved in his ruling, that the present lease imported an implied covenant to protect the owner by drilling offset wells. Oil and gas leases are ordinarily considered as importing an implied covenant to protect the landowner by drilling offset wells in a proper case. Texas Co. v. Ramsower (Tex. Civ. App.) 255 S. W. 466; Id. (Tex. Com. App.) 7 S.W.(2d) 872; United North & South Oil Co. v. Meredith (Tex. Civ. App.) 258 S. W. 550. The construction of the lease was purely a matter for the court and to be ultimately determined in the trial on the merits. So far only as the present appeal is concerned, that ruling may be taken as correct. The written lease, offered in evidence on the trial of the plea of privilege, is not, as properly held by the court, susceptible of the construction only that the parties expressly contracted that no implied covenant shall exist to drill offset wells.

A sufficient prima facie cause of action is both alleged and proven. A producing oil well was drilled within 210 feet of the boundary line of the plaintiff's land leased to appellant. The court considered that both the leased land and the adjoining tract were in the actually proven and producing oil territory. The wells on both tracts were producing oil, and it may be presumed from this fact and data in evidence that a profit arises therefrom. The facts are quite different in State Line Oil & Gas Co. v. Thomas (Tex. Civ. App.) 35 S.W.(2d) 746. It is obvious that damage through drainage will result by drilling a producing oil well next to the boundary line of adjoining lease which is also situated in proven actual oil-producing territory. The full amount of the damage that the plaintiff might suffer from lack of a marginal offset well affects only the merits of the case and not the venue of the suit.

The order is affirmed.