## CITY DRUG STORES OF AMARILLO et al. v. HUTSON et ux.

### No. 4948.

Court of Civil Appeals of Texas. Amarillo.

Oct. 31, 1938.

Kimbrough & Boyce, of Amarillo, for appellants.

Curtis Douglass, of Panhandle, and Thos. L. Wade, of Pampa, for appellees.

STOKES, Justice.

This is an appeal from an order of the court overruling appellants' pleas of privilege. Appellees filed the suit in the district court of Gray County on September 7, 1937, seeking to recover damages for personal injuries sustained by Mrs. Hutson on March 27, 1937. It was alleged that appellant City Drug Stores of Amarillo was a private corporation, and the record shows it operated a drug store at Amarillo, in Potter County, and another like store at Pampa, in Gray County. Mrs. Hutson entered the store at Amarillo about 9:30 o'clock on the evening of March 27, 1937, purchased some articles, and was in the act of leaving the store when she slipped on the floor, fell and broke her hip. The porter was engaged in mopping the floor and the record shows it was wet and slippery. At that time appellant City Drug Stores of Amarillo owned and operated a drug store at Pampa, in Gray County, which was in charge of I. A. Dingwall as its local manager. The stockholders of the corporation were Earl Barnt and Mrs. Ruby Seiwell, both of whom resided at Amarillo, in Potter County, and F. W. Rendle, whose residence was in the state of Wyoming. Barnt was the president, Rendle, vice president, and Mrs. Seiwell, secretary-treasurer of the corporation. None of these parties ever resided in Gray County, Texas.

The record further discloses that on the 30th of June, 1937, some three months after the injury to Mrs. Hutson, the corporation was dissolved by the voluntary act of the directors. When the corporation was dissolved, Barnt and Rendle took over the stocks of goods at Amarillo and Pampa and have at all times since operated the two stores as partners under the name of City Drug Stores, the same name as that borne by the corporation.

This suit was filed September 7, 1937, against City Drug Stores of Amarillo, a corporation, and Earl Barnt as trustee and director of the corporation.

Appellants filed their pleas of privilege in which the dissolution of the corporation was alleged and the further allegation made that at the time of the institution of the suit and the service of citation, none of the appellees resided in Gray County but at all such times they were residents of Potter County. They prayed that the venue be changed to the district court of the latter county.

The pleas of privilege were controverted by appellees and venue of the cause of action sought to be maintained in Gray County upon the ground that the City Drug Stores of Amarillo was a private corporation at the time the cause of action arose, at which time, as well as at the time the suit was filed, it had an agency and representative in Gray County known as City Drug Store, which was in charge of I. A. Dingwall, and that venue was properly laid under Subdivision 23 of Art. 1995, R.C.S. 1925, because I. A. Dingwall was the local agent in Gray County of the corporation.

The trial court overruled the pleas of privilege upon the ground, evidently, that because, under the statute, Art. 1389, R.C.S., the existence of the corporation is continued for three years after its dissolution for the purpose of enabling those charged with the duty, to settle up its affairs and, evidently under the theory that the City Drug Stores of Amarillo was as much a corporation when the suit was filed as it was in March, 1937, when Mrs. Hutson received the injury.

I. A. Dingwall was introduced by appellees as a witness upon the hearing of the pleas of privilege and he testified he was local manager at Pampa of the drug store belonging to the corporation at the time Mrs. Hutson received the injury in the store at Amarillo. He further testified that the corporation was dissolved in June, 1937, and that, since that time, the store at Pampa had belonged to and was the property of Earl Barnt and F. W. Rendle. He said they were partners and the store was operated as a partnership and had been so operated since the corporation was dissolved.

This testimony was not controverted by any witness, but was corroborated in every detail by Earl Barnt who was called as a witness by appellants.

It may be admitted that the corporation known as City Drug Stores of Amarillo maintained an agency in Gray County during the entire time of its existence and still it would not necessarily follow that it was maintaining such an agency there when this suit was filed. The corporation was dissolved on June 30, 1937, some two and a half months before the suit was filed. The uncontroverted evidence shows that the corporation did not maintain any business or operate a store or business of any kind at either Amarillo or Pampa after its dissolution. As a corporation, it ceased active business of all kinds and its stocks of merchandise were taken over by two of its stockholders who continued to operate the business as partners. The fact that they adopted the corporate name as their trade name does not affect the matter in any sense whatever. No fraud of any kind is alleged and we simply have a situation where a corporation once maintained an agency in Gray County, during which time appellees' cause of action arose and, before the suit was filed, the agency was discontinued. As far as the pleas of privilege are concerned, it does not matter, in this case, whether the corporation had been dissolved or not. If it had not been dissolved but was still in active operation as a corporation and had discontinued the agency at Pampa, disposed of its stock of merchandise there, and did not have an agent there when the suit was filed, venue could not be maintained there. The statute, Sec. 23 of Art. 1995, R.C.S., provides that a suit against a private corporation may be brought in any county in which such corporation has an agency or representative. The only rational interpretation that can be placed upon the language is that the suit may be brought in any county in which the corporation has an agency or representative at the time the suit is filed. When the agency is discontinued or the representative dispensed with before the suit is filed, the venue upon that ground

**430**

is destroyed. Dingwall may have been the agent of the corporation up until June 30, 1937, but he was not such after that date. As far as the corporation was concerned his agency had been dispensed with. After that date he was the employee of the partnership composed of Barnt and Rendle. The agency of the corporation had been terminated and discontinued some two and a half months before the suit was filed and none of the parties to the suit had their residence in Gray County. Burford Oil Co v. Jefferies, Tex.Civ.App., 59 S.W.2d 293.

From what we have said it is evident we are of the opinion that the trial court erred in overruling the pleas of privilege. The judgment is, therefore, reversed and the cause remanded, with instructions that the pleas of privilege be sustained and the venue of the cause transferred to the district court of Potter County.