## HIGHWAY INS. UNDERWRITERS v. PYEATT.

### No. 15176.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 10, 1950.

Rehearing Denied Dec. 8, 1950.

———◆———

Hatchell, Storey, and Hatchell & Rainey, all of Longview, for appellant.

Kenley, Sharp & Shepperd, and Otto A. Ritter, all of Longview, for appellee.

McDONALD, Chief Justice.

At the times material herein appellee Pyeatt was engaged in the trucking business, including the moving of houses. Appellant Highway Insurance Underwriters was a reciprocal insurance exchange. The attorney in fact for the subscribers had his office and business address in Austin, in Travis County. On January 30, 1950, appellee was moving a house when, by reason of the collapse of a bridge, the house was damaged. There was in force at the time a policy of insurance issued by appellant which insured appellee against liability for such a loss. Appellee brought the present suit in Gregg County, alleging that he had become liable to the owner of the house for the damages done to it, that appellant had been duly notified of the loss, and that appellant, after demand, had refused to pay the loss.

Appellant filed a plea of privilege, seeking to move the case to Travis County. Appellee filed a controverting plea. The trial court, without a jury, overruled the plea of privilege, and the insurance carrier has appealed.

Appellee, the plaintiff below, first seeks to uphold venue in Gregg County on the ground that the policy of insurance by its terms was performable in Gregg County. Article 1995, Sec. 5, Vernon's Ann.Civ.St.

There is simply no language in the policy which can be construed as an agreement on the part of the insurer to perform in Gregg County, so it follows that venue cannot be sustained under Section 5 of Article 1995.

Appellee also seeks to uphold venue in Gregg County under Section 23 of Article 1995, as amended, which provides in part:

"Suits against a private corporation, association, or joint stock company may be brought in the county * * * in which the cause of action or part thereof arose; * * *."

The parties, in their briefs, argue at length the question whether or not the evidence showed a breach of the contract. Appellant's contention is that the insured, under the terms of the policy, was not entitled to sue the insurer until the insured had actually sustained and paid the loss, and that the proof failed to show that the insured had paid the loss. Appellee contends that this requirement of the policy had been met by reason of the fact that the insured had given the owner of the house his promissory note for the amount of the loss, and that the giving of the note should be treated as a payment of the loss, within the meaning of the policy. Although neither of the parties makes any mention of it, it seems to us that the failure of the evidence to show that the loss occurred in Gregg County or that it was paid in Gregg County renders the respective contentions of the parties beside the point. To sustain venue on the theory that a breach of the contract occurred in Gregg County, it was necessary to show that something happened in Gregg County. We may also add that there were no allegations, in either the plaintiff's petition or his controverting affidavit, of the happening of any occurrence in Gregg County, other than the making of the contract of insurance, which we shall later discuss. There being no findings of fact and conclusions of law filed by the trial court, we are required to affirm his judgment on any ground supported by pleading and proof, but not on some ground supported by neither pleading nor proof.

If there was any ground for overruling the plea of privilege, supported by pleading and proof, it was that the contract of insurance was made in Gregg County, and that, therefore, under Section 23 of Article 1995, a part of the cause of action arose in Gregg County.

Appellee testified that appellant's agent talked to him about a renewal policy (on which the suit was based) in Gregg County, that appellee signed the application in Gregg County, that the policy came to appellee in Gregg County through the mail, and that appellee accepted the policy in Gregg County. Appellant appears in his brief not to contest the claim that the contract of insurance was made in Gregg County, but contends that the mere fact of the contract having been made in Gregg County was not enough to support venue in Gregg County, but that it was also necessary to show a breach of the contract. The authorities are against appellant on this contention. It has been held that the making of the contract is a part of the cause of action, and that, where venue is sought to be maintained in a county on the ground that the contract was made there, it is enough to show the making of the contract in the county, and it need not also be shown that there was a breach of it in said county or elsewhere. In such a situation the venue facts are, (1) that the defendant is a corporation, association, or joint stock company, and (2) that the contract was made in the county where suit was brought. 11 Tex.Jur., Corporations, Sec. 403, p. 57; Hildebrand, Texas Corporations, Vol. 3, Sec. 816, pp. 286, et seq.; and numerous cases cited in said texts, including, Western Wool Commission Co. v. Hart, Tex.Sup., 20 S.W. 131; Early-Foster Co. v. A. P. Moore's Sons, Tex.Civ.App., 230 S.W. 787; Cuero Cotton Oil & Mfg. Co. v. Feeders' Supply Co., Tex.Civ.App., 203 S.W. 79; Davis v. Texas Life Ins. Co., Tex.Civ.App., 22 S.W. 2d 960; Stanolind Oil & Gas Co. v. Christian, Tex.Civ.App., 64 S.W.2d 363; Ohio Oil Co. v. Varner, Tex.Civ.App., 150 S. W.2d 185; and Highway Insurance Underwriters v. Reed, Tex.Civ.App., 221 S.W. 2d 925.

Under its third point of error appellant says that appellee failed to plead specifically that his cause of action arose in whole or in part in Gregg County. In appellee's petition, which is incorporated by reference in the controverting affidavit, it was alleged that appellant executed and delivered the policy of insurance in Gregg County. The point of error is overruled.

The judgment of the trial court is affirmed.