**LOESSIN & HERNDON, Inc.,**
Appellant,

v.

**COFFIELD LUMBER COMPANY, Inc.,**
et al., Appellees.

No. 12860.

Court of Civil Appeals of Texas.

Galveston.

June 16, 1955.

Rehearing Denied July 7, 1955.

Dillingham, Warner & Schleider, L. L. Warner, and Ollie D. Brown, Jr., of Houston, for appellant.

Jack W. Prescott, Cameron, for appellee.

CODY, Justice.

This is a suit for the purchase price of nine shipments of lumber sold and shipped to Coffield Lumber Company, Inc., at Rockdale, Texas, between April 13, 1954, and July 1, 1954, by Loessin & Herndon, Inc., of Houston, Texas. Loessin & Herndon, Inc., brought this suit in the District Court of Harris County, Texas, against Coffield Lumber Company, Inc., as a dissolved corporation and in that connection sued H. H. Coffield, Marjorie Coffield and C. H. Coffield, as the statutory trustees of the dissolved corporation upon a sworn account, as provided by Rule 185, Texas Rules of Civil Procedure. The said statutory trustees owned all the stock, had all the interest in and were all the officers of the dissolved corporation. Coffield Lumber Company, Inc. and each of the aforesaid statutory trustees filed their pleas of privilege asserting the right to be sued in Milam County.

The plaintiff, Loessin & Herndon, Inc., seasonably filed its controverting affidavit and undertook to sustain jurisdiction in Harris County, under the provisions of subdivision 23, Art. 1995, V.A.T.S. on the ground that the cause of action, or a part

thereof arose in the County of Harris. The pleas of privilege were submitted to the District Court of Harris County, 127th Judicial District, upon an agreed stipulation of facts hereafter set out. The trial court sustained the pleas of privilege and ordered the case transferred to the District Court of Milam County, from which order plaintiff, which will hereafter be called appellant, is prosecuting this appeal, and has predicated same upon a single point of error to the effect that the court erred in sustaining appellee's plea of privilege as to appellee, Coffield Lumber Company, Inc., in that the evidence conclusively established that the cause of action of appellant, or a part thereof, arose in the County of suit and venue was therefore proper under subdivision 23, Art. 1995, V.A.T.S. We sustain said point.

The stipulation upon which the case was submitted reads as follows:

"It is agreed by and between the parties hereto that the facts upon which the plea of privilege and the controverting affidavit filed herein are based, and upon which the same shall be submitted to the District Court of Harris County, Texas, for determination upon the law are as follows:

"Loessin & Herndon, Inc., a Texas Corporation, with its principal offices at 843 First National Bank Building, Houston, Harris County, Texas, are brokers of lumber and forest products. In the operation of their business Loessin & Herndon have, since sometime in 1951, made numerous sales of lumber to the Coffield Lumber Company, Inc., of Rockdale, Texas, defendant in the above-entitled and numbered cause.

"The sales made to Coffield Lumber Company, Inc., and all sales made by Loessin & Herndon, Inc., were made in the following manner: Throughout the territory in which they operate, Loessin & Herndon, Inc., have certain persons who call upon the lumber retailers within their respective area and solicit orders for lumber. These solicitors are paid no salary by Loessin & Herndon, Inc., their only compensation being a commission on the sales made by each one individually. They are not under the control and supervision of Loessin & Herndon, Inc., in the conduct and operation of their business of calling on lumber yards, etc., and soliciting orders for lumber or forest products. Upon receiving an order for lumber, the solicitor transmits, either by mail or telephone, the order to Loessin & Herndon, Inc., in Houston, Harris County, Texas. Upon receipt of the order in Houston, Loessin & Herndon, Inc. contact, either by telephone or wire, one or more lumber mills throughout the country to determine (1) whether the lumber can be obtained in the quantity, quality and sizes ordered and (2) where the lumber can be obtained in the quantity, quality and sizes ordered. Upon determining that the lumber can be obtained in the quantity, quality and sizes to fill the order, Loessin & Herndon, Inc. notify the lumber mill to ship the lumber so ordered to the lumber yard which submitted the order. Simultaneously with transmittal of the shipping order to the lumber mill, Loessin & Herndon, Inc. forward to the particular lumber yard their acceptance of the order for the quantity, quality and size of lumber ordered. All orders received by Loessin & Herndon, Inc., in their home office at Houston, Harris County Texas, are accepted or rejected at the authority of the President and/or Vice-President of the corporation after ascertaining that such order or orders can or cannot be filled as written. The solicitors in the field have no authority to make any contract on behalf of Loessin & Herndon, Inc. The shipments of lumber made the basis of the above entitled and numbered cause were handled in the manner just described, which is the customary manner of operation with lumber brokers and the lumber industry as a whole.

"Payment for the lumber or forest products shipped to the particular lumber yard is made in all cases at the home office of Loessin & Herndon, Inc. in Houston, Harris County, Texas.

/s/  Jack W. Prescott,
      Jack W. Prescott,
            Attorney for Defendant
/s/  Ollie D. Brown, Jr.
            Attorney for Plaintiff."

The stipulation of facts above set forth did not, we believe, supersede the pleadings in the case. Indeed, the stipulation expressly provides "The shipments of lumber made the basis of the above entitled and numbered cause were handled in the manner just described, which is the customary manner of operation with lumber brokers and the lumber industry as a whole."

In an exhibit duly verified as a sworn account the "shipments of lumber made the basis of this suit" are duly set out and identified, the first such shipment being under date of April 13, 1954, and the last one being under date of July 1, 1954. Thus, the stipulation was broad enough to establish that the corporation-defendant was dissolved after the date of the last shipment. Furthermore, the statutory trustees did not deny by verified plea that the corporation-defendant, and that they, themselves, as statutory trustees, were not liable in the capacity in which they were respectively sued. See Sections (c) and (g), Rule 93, T.R.C.P.

By force of Art. 1388, V.A.T.S., when a corporation is dissolved its president and directors become the statutory trustees for the creditors and stockholders of the dissolved corporation. By force of Art. 1389, V.A.T.S. the existence of a corporation may be continued for three years after its dissolution, from whatever cause, for the purpose of enabling those charged with the duty to settle up its affairs. These statutes have been passed upon by the Supreme Court in McBride v. Clayton, 140 Tex. 71, 75, 166 S.W.2d 125. It was there held that at common law when a corporation dissolved it simply ceased to exist and thus brought about a grave hardship and injustice on its stockholders and creditors. And to remedy this the aforesaid statutes were enacted. The court further held that whatever powers remained in the corporation came by virtue of said statutes (and not from its charter) and were only for limited and specific purposes; that its qualified existence was in the nature of an administration of its estate with all of its rights fixed and determined as of the date of its dissolution.

It seems evident that statutory trustees of a dissolved corporation, who simply take the place of its president and directors, have no more privilege, when sued on a debt of the dissolved (yet existing) corporation, to be sued in the county of their residence than the president of a normal corporation would have.

Under the stipulated facts the offer (in the form of an order) to purchase lumber was accepted by appellant in Harris County and became a contract so that a part of the cause of action arose in Harris County. Under these facts the court should have retained jurisdiction under subdivision 23 of Art. 1995, V.A.T.S.; Gleason v. Southwestern Sugar & Molasses Co., Tex. Civ.App., 214 S.W.2d 640; Highway Insurance Underwriters v. Pyeatt, Tex.Civ. App., 234 S.W.2d 457; and numerous other authorities could be cited.

We do not deem the cases of City Drug Stores v. Hutson, Tex.Civ.App., 121 S.W.2d 428, and Pool v. Joy, Tex.Civ.App., 61 S.W. 2d 581, relied upon by appellees, as being in point.

The order of the trial court transferring the case to the District Court of Milam County is reversed and judgment is here rendered that the pleas of privilege be overruled, Associate Justice Graves dissenting.

GRAVES, Justice (dissenting).

This is a suit for the purchase price of the nine separate shipments of lumber, sold and shipped to Coffield Lumber Company, Inc., appellee, in Rockdale, Texas, by Loessin & Herndon, Inc., appellant, of Houston, Texas. Appellant brought this suit against Coffield Lumber Company, Inc., H. H. Coffield, Marjorie Coffield and C. H. Coffield, in the District Court of Harris County, Texas, 127th Judicial District, upon a sworn account, as provided by Rule 185, T.R.C.P.

Coffield Lumber Company, Inc., H. H. Coffield, Marjorie Coffield, and C. H. Coffield filed their pleas of privilege, asserting

the right to be sued in Milam County, Texas.

Appellant answered with its controverting affidavit, asserting that, as to appellee Coffield Lumber Company, Inc., venue was proper in Harris County, Texas, under the provisions of subdivision 23, Art. 1995, V.A.T.S., because the cause of action, or part thereof, arose in the county of suit.

The pleas of privilege were submitted to the District Court of Harris County, Texas, 127th Judicial District, upon an agreed stipulation of facts. The trial court sustained the pleas of privilege. Appellant excepted to that ruling, as rendered by the trial court, and perfected this appeal.

The parties hereto further stipulated all the facts, upon which the trial was had below, as set out in the majority opinion.

In support of its appeal, appellant presents a single point of error, as follows: " * * * the evidence conclusively established that the cause of action of appellant, or a part thereof, arose in the county of suit, and venue was therefore proper under subdivision 23, Art. 1995, V.A.T.S."

It supports such presentment with the citation of these authorities: Gleason v. Southwestern Sugar & Molasses Co., Tex. Civ.App., 214 S.W.2d 640; Highway Ins. Underwriters v. Pyeatt, Tex.Civ.App., 234 S.W.2d 457; Western Wool Commission Co. v. Hart, Tex., 20 S.W. 131; Cuero Cotton Oil & Mfg. Co. v. Feeders' Supply Co., Tex.Civ.App., 203 S.W. 79; Davis v. Texas Life Ins. Co., Tex.Civ.App., 22 S.W. 2d 960; Stanolind Oil & Gas Co. v. Christian, Tex.Civ.App., 64 S.W.2d 363; Ohio Oil Co. v. Varner, Tex.Civ.App., 150 S.W. 2d 185; Four States Grocer Co. v. Wickendon, Tex.Civ.App., 217 S.W. 1103; Garrett v. International Mill Co., Tex.Civ.App., 223 S.W.2d 67; Waco Mill & Elevator Co. v. Allis-Chalmers Co., 49 Tex.Civ.App. 426, 109 S.W. 224, error refused; 46 Amer.Jur., 245.

In the state of the record presented here, this member of the Court feels that appellant's single presentment cannot be sustained. Indeed, it is thought that the undisputed face of the record, and appellant's averments themselves, leave it in no position to recover against appellees, for this controlling reason: In its original petition appellant sued the appellee, a corporation, and H. H. Coffield, Marjorie Coffield, and C. H. Coffield, alleging, specifically, that the corporation had been dissolved prior to appellant's filing of the suit, and that the individuals just named, that is, "H. H. Coffield, Marjorie Coffield, and C. H. Coffield," were sued as trustees for the dissolved corporation—that is, the corporation that had already been dissolved; wherefore, its main suit thus getting down to one against the individuals it sued—if any at all—who admittedly all lived in Milam County. In support of this conclusion, the cases of City Drug Stores v. Hutson, Tex.Civ.App., 121 S.W.2d 428, and Pool v. Joy, Tex.Civ.App., 61 S.W.2d 581, are referred to.

In conclusion, it would seem plain that appellant put itself out of court, in originally so alleging that the appellee, Coffield Lumber Company, Inc., had dissolved before the suit was filed, so that there was no corporate entity left for which the individuals, all of whom it alleged resided in Milam County, could be sued as trustees.

For the reasons above-stated this member of the court respectfully dissents from the majority opinion and thinks the trial court's judgment should be affirmed.