RHOME MILLING CO. v. CUNNINGHAM
et al. (No. 8023.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 31, 1914.)

1. VENUE (§ 32*)—ASSIGNMENT—EVIDENCE—FRAUD.

Evidence, in an action by the assignee of a claim for damages for a seller's delivery of inferior, damaged mill products, *held* not to sustain defendant's contention that the assignment was fraudulently made for the purpose of affecting the venue.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

2. CORPORATIONS (§ 503*) — VENUE — PLACE WHERE CAUSE OF ACTION AROSE.

Under section 24, art. 1830, Vernon's Sayles' Ann. Civ. St. 1914, providing that suits against any private corporation or joint-stock company may be commenced in any county in which the cause of action or a part thereof arose, the assignee of a claim for damages for defendant's delivery of inferior or damaged goods bought in C. county from defendant's traveling salesman, to be paid for by taking up defendant's drafts for shipments f. o. b. C. county, might sue defendant in C. county, since the cause of action at least in part arose in that county.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1835–1939, 1942–1946; Dec. Dig. § 503.*]

3. CUSTOMS AND USAGES (§ 17*)—PAROL EVIDENCE TO VARY CONTRACT.

Where a written contract for the sale of goods provided that no agreement, conditions, or stipulations, verbal or otherwise, except those mentioned in the contract, would be claimed, parol evidence that it was customary for the buyer to furnish shipping directions was inadmissible.

[Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 34; Dec. Dig. § 17.*]

4. SALES (§ 416*) — ACTION FOR DAMAGES — EVIDENCE.

In an action for damages from a seller's delivery of inferior or damaged goods, evidence of a custom of the buyer to furnish shipping directions *held* inadmissible, since a violation of such custom did not induce the seller's breach of contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1171, 1172; Dec. Dig. § 416.*]

Appeal from Comanche County Court; J. H. McMillan, Judge.

Action by W. B. Cunningham and others against the Rhome Milling Company and another. Judgment for plaintiffs in justice's court was affirmed on appeal, and defendant company appeals. Affirmed.

W. T. McPherson, of Comanche, for appellant. Goodson & Goodson, of Comanche, for appellees.

SPEER, J. C. F. Williams, of Comanche county, purchased from the Rhome Milling Company, a corporation doing business in Wise county, certain mill products, and, upon its failure to deliver the same, transferred and guaranteed his claim for damages to W. B. Cunningham, also of Comanche county, whereupon the latter sued both the milling company and Williams in the justice court of Comanche county. The plaintiff had judgment, and the cause was duly appealed to the county court, where he again recovered judgment against both parties, and the milling company appeals.

[1] The first complaint goes to the action of the court in overruling the plea of appellant to be sued in the county of its own residence; the contention being that the facts showed a fraudulent transfer of the claim from Williams to Cunningham. We cannot disturb the judgment in this respect, however. Cunningham testified:

"I in good faith bought this claim from C. F. Williams, and it was transferred to me, and I own it absolutely. I would not have bought the claim unless its payment had been guaranteed to me at Comanche, Tex., by Mr. Williams, who lived there, and after the claim was bought by me I directed suit to be brought thereon."

Williams testified that he in good faith sold the claim to Cunningham and guaranteed its payment at Comanche; that he had no interest in the claim, except that as an indorser and guarantor he is liable to Cunning-

---

ham; that Mr. Cunningham gave him credit for the amount on the books of the bank; and that he has long since used the money put to his credit at the bank and has never repaid any part of the same to Mr. Cunningham.

[2] Besides, section 24 of article 1830, Vernon's Sayles' Tex. Civ. Stat., prescribes that: "Suits against any private corporation, association, or joint-stock company may be commenced in any county in which the cause of action, or a part thereof, arose."

The undisputed facts show that Williams bought the goods in question in the town of Comanche from the traveling salesman and agent of appellant, and that payment for the same was to be made at that place at the Farmers' & Merchants' National Bank by taking up drafts for shipments which were to be made f. o. b. Comanche, Tex., and that the Comanche bank, to whom appellant was to send its drafts upon the payment by Williams, was to remit the proceeds to appellant. It thus appears that the cause of action, at least in part, arose in Comanche county. Kell Milling Co. v. Bank of Miami, 155 S. W. 325.

[3, 4] Those assignments complaining of the action of the court in refusing to admit evidence tending to show that appellee Williams was to furnish appellant shipping instructions and directions, or at least that such was customary between merchant and merchant, are overruled for the reason the contract appears to have been in writing and to contain the following stipulations: "It is understood that no agreement, conditions, or stipulations, verbal or otherwise, except those mentioned in this contract, will be claimed," and that "this order is taken subject to the approval of the Rhome Milling Company and is not subject to countermand," and furthermore because if any such agreement was made, or any such custom existed, its violation did not induce appellant's breach of the contract. Its dereliction lay, not in failing to ship at all, but in shipping inferior or damaged merchandise.

We overrule the other assignments complaining of the incompetency of the witness Williams and of the insufficiency of the evidence to support the judgment. The evidence was sufficient to authorize the recovery shown, and the judgment is therefore affirmed.

Affirmed.