GRAYBURG OIL COMPANY v. N. P. POWELL.

No. 5259.   Decided April 3, 1929.
(15 S. W., 2d Series, 542.)
</div>

*Victor Keller,* for appellant.

*W. W. Mason,* for appellee.

Suit can be maintained in a county, if against a corporation, where the cause of action, or any part thereof, arose. Bering v. W. T. Carter & Bros. et al., 272 S. W., 1105; Texas Portland Cement Co. v. Carsey, 3 S. W. (2d), 930; Whitepoint Development Co. v. Seagraves, 278 S. W., 855; Section 23, Article 1995, Revised Statutes of the State of Texas.

This section of article 1995, Revised Statutes, is not unconstitutional, because the Legislature, or any law enacting body has the right to classify citizens and residents into classes for good reason, and if the law is applied equally to all members of each class, there is no conflict with amendment 14 to the U. S. Constitution. The following cases by the Texas Courts, pass on the right to classify. Gulf C. & S. F. Railway Co. v. Ellis, 87 Texas, 19, 26 S. W., 985; Nash Hardware Co. v. Morris, 105 Texas, 217, 146 S. W., 874; Middleton v. Texas Power & Light Co., 108 Texas, 96, 185 S. W., 556; Bielecki et al. v. City of Port Arthur et al., 2 S. W. (2d), 1001; Interstate Forwarding Co. v. Vineyard, 3 S. W. (2d), 947; Bradford v. City of Houston, 4 S. W. (2d), 592.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This is a certified question from the Court of Civil Appeals for the Tenth District at Waco. The certificate shows that N. P. Powell instituted the suit in the District Court of Limestone County, Texas, against Grayburg Oil Company, a domestic corporation, to recover a debt which Powell claimed the Grayburg Oil Company owed him.

The principal office and place of business of the oil company is in San Antonio, in Bexar County, Texas. The oil company filed a plea of privilege contending that none of the exceptions to exclusive venue in the county of its residence existed, and asked that the cause be transferred from the County Court of Limestone County to Bexar County.

Powell seeks to hold jurisdiction in Limestone County under subdivision 23 of Article 1995, R. C. S. of Texas, 1925, which provides that a suit against a private corporation may be brought in any county in which the cause of action or a part thereof arose. The trial court overruled the plea of privilege filed by the oil company, from which order and judgment the oil company appealed to the Court of Civil Appeals at Waco, and this cause is now pending in that court.

In two recent decisions by the Court of Civil Appeals for the Third District at Austin, Dublin Mill & Elevator Co. v. Cornelius, 5 S. W. (2d), 1027, and Houston Lighting and Power Co. v. Jenkins, 5 S. W. (2d), 1030, that court held that part of subdivision 23 of Article 1995, R. C. S. 1925, which provides that a suit against a private corporation may be brought in any county in which the cause of action or a part thereof arose, unconstitutional and in the last of the above named cases said Court of Civil Appeals for the Third District held that the trial court's overruling a plea of privilege when it appeared plaintiff was seeking to hold venue only by virtue of said above mentioned part of subdivision 23, presented fundamental error apparent of record.

On account of the importance of the question, the Court of Civil Appeals at Waco has certified in the case at bar the following questions to this court:

"First: Is subdivision 23 of Article 1995 of the Revised Statutes of 1925, which authorizes the filing of a suit against a corporation in any county in which the cause of action, or a part thereof, arose, unconstitutional?

"Second: If the first question above is answered in the affirmative, then if the record shows that the plaintiff in the trial court, by its controverting affidavit, sought to maintain venue alone by virtue of said subdivision of said statute, and the trial court overruled the plea of privilege, does the ruling of the court present such fundamental error apparent of record as would require the Court of Civil Appeals to take cognizance thereof?"

Article 1995, R. C. S. of Texas, 1925, provides:

"No person who is an inhabitant of this state shall be sued out of the county in which he has his domicile except in the following cases:

\* \* \* \* \* \*

23. Corporations and associations,—Suits against a private corporation, association or joint stock company may be brought in any county in which the cause of action, or a part thereof, arose, or in which such corporation, association or company has an agency or representative, or in which its principal office is situated. Suits against a Railroad Corporation, or against any assignee, trustee or receiver operating its railway, may also be brought in any county through or into which the railroad of such corporation extends or is operated. Suits against receivers or persons and corporations may also be brought as otherwise provided by law."

The part of said subdivision involved in the certified questions, is that part of same reading as follows:

"Suits against a private corporation, \* \* \* may be brought in any county in which the cause of action, or a part thereof, arose." \* \* \*

In Dublin Mill & Elevator Co. v. Cornelius, supra, and in Houston Lighting & Power Co. v. Jenkins, supra, the Court of Civil Appeals for the Third District held, as above shown, that the part of Subdivision 23 of Article 1995, which authorizes the filing of a suit against a corporation in any county in which the cause of action or a part arose is unconstitutional and void under the Fourteenth Amendment to the Constitution of the United States, and based their decision on an opinion rendered by the Supreme Court of the United States in the case of Power Manufacturing Co. v. Harvey Saunders, 274 U. S. 490–492, 47 Sup. Ct. 678, 71 L. Ed., 1165.

In our opinion the decision of the Supreme Court of the United States in the Power Manufacturing Co. case, supra, is not authority for holding any part of said venue statute unconstitutional. In the Power Mfg. Co. case the court had under consideration a state venue statute of Arkansas which required the action of the kind under consideration, if against a domestic corporation, to be brought in a county where it has a place of business or in which its chief officer resides, and if against a natural person in a county in which he resides or may be found; but which broadly permitted such actions, if against a foreign corporation, to be brought in any county in the state. As we understand this decision, it holds that the statute

of Arkansas is unconstitutional and discriminatory and denies to foreign corporations the equal protection of the law, as well as the protection of equal laws. The vice in the Arkansas statute is not that it fixes different grounds of venue for corporations and private individuals, but that it discriminates unlawfully between foreign and domestic corporations. In other words, the Supreme Court of the United States holds that a venue statute which puts foreign corporations doing business in the state in a class to itself, as to venue, and then puts domestic corporations in a more favorable class and in a class with private individuals, is an unreasonable classification and a discrimination against foreign corporations, and therefore unconstitutional and void. We do not understand this decision to hold that a venue statute would be void merely because it made a difference between corporations and natural persons. That question was not even remotely before the court in the Power Mfg. Company case. The vice in the Arkansas statute was not that it provided a different venue for corporations and private individuals, but that it made an arbitrary and unreasonable classification, in that it placed domestic corporations in one class, and foreign corporations doing business in the state by permission of the state in another and less advantageous class as to venue. And the Supreme Court of the United States holds that such a classification does not rest on differences pertinent to the subject in respect of which the classification was made.

While it is true that the opinion in the Power Manufacturing Company case uses the following language: "We think it very plain that the statutes discriminate against foreign corporations and in favor of domestic corporations and individuals, and that the discrimination is not theoretical merely, but real and substantial," we do not understand that the Supreme Court of the United States says or intends to say by the above expression that a foreign corporation is discriminated against merely because the venue statutes of Arkansas made a different provision as to venue for suits against corporations and private individuals, but by said expression the court says and intends to say that a statute which places a foreign corporation in one class, and then places domestic corporations and individuals in another and more advantageous class, is discriminatory, and is a classification that does not rest on differences pertinent to the subject in respect of which the classification was made. The court in discussing the case included private individuals in the discussion on the side of domestic corporations merely because the law under discussion placed them there.

While we realize that the majority opinion of any court is always the one that declares the law of the case, yet we think that our view of the holding in the Power Mfg. Company case is strengthened by the construction placed on the holding therein by Mr. Justice Holmes in his dissenting opinion concurred in by Mr. Justice Brandeis. These two learned justices undoubtedly took part in the consideration of this case by the Supreme Court of the United States, and the dissenting opinion shows that Justices Holmes and Brandeis understood the decision of the majority to hold that the Arkansas statute was invalid and unconstitutional because it discriminated unlawfully between foreign and domestic corporations.

Our statute, Subdivision 23, of Article 1995, R. C. S., makes no such classification or discrimination as is condemned in the Power Manufacturing Company case; but it covers by its terms all private corporations, associations, or joint stock companies, be they foreign or domestic. Under the holdings of the appellate courts of this state the same laws of venue cover and apply to all domestic and all foreign concerns embraced by the statute without discrimination of any character.

We therefore conclude that our statute, Subdivision 23 of Article 1995, R. C. S. 1925, is not unconstitutional.

We recommend that question No. 1 be answered "No." Our answer to this question renders any answer to question No. 2 unnecessary. As a matter of fact, as shown by the certificate, question No. 2 is only intended to be answered in case question No. 1 is answered "Yes."

The opinion of the Commission answering the certified questions is adopted, and ordered certified.

*C. M. Cureton,* Chief Justice.