### FIDELITY UNION CASUALTY CO. v. FARMERS' GIN CO. OF ROCHESTER. (No. 589.)

Court of Civil Appeals of Texas. Eastland. June 14, 1929.

Collins & Houston, of Dallas, for appellant.
Murchison & Davis, of Haskell, for appellee.

FUNDERBURK, J. This is an appeal from a judgment of the district court of Haskell county overruling appellant's plea of privilege to be sued in Dallas county, the

county of its residence. Appellee brought the suit against appellant alleging that appellant had contracted in writing to indemnify appellee against any loss which appellee might sustain by reason of theft or embezzlement committed by one W. E. Cooper while acting as manager of appellee's cotton gin at Rochester, Tex.; that the said Cooper did steal and embezzle moneys during the period of time contemplated by the said contract of indemnity and under such circumstances as to make appellant liable to appellee on the said contract; that demand had been made upon appellant; and that appellant had refused to pay. Appellant in due time filed its plea of privilege in statutory form to be sued in Dallas county, the county of its residence. Appellee filed a controverting affidavit, setting out the grounds upon which venue was sought to be held in Haskell county. Appellant filed exceptions to the legal sufficiency of the grounds stated in the said controverting affidavit, and the cause came on to be heard in regular order on the issues thus joined. The court heard and sustained all of appellant's exceptions to appellee's controverting affidavit, except one, which raised the question of whether it was sufficient to hold venue in Haskell county to show merely that appellant was a private corporation and that it had an agent or representative in that county, it being appellant's contention that the statute providing this exception to the rule of exclusive venue in the county of defendant's residence was unconstitutional and void. The court overruled the exception raising this question, appellant excepting, and, it being agreed that appellant was a private corporation, and that it had an agent in Haskell county, the court rendered judgment overruling appellant's plea of privilege, to which judgment appellant excepted and gave notice of appeal.

The foregoing statement is taken from appellant's brief. The appellant having perfected its appeal, there is presented for our decision the sole question of the constitutionality of subdivision 23, art. 1995, R. S. 1925. The constitutionality of this statute has already been sustained by the Supreme Court to the extent that it permits a private corporation, association, or joint-stock company to be sued in any county in which the cause of action or any part thereof arose. Grayburg Oil Co. v. Powell (Tex. Com. App.) 15 S.W.(2d) 542.

In that case the Supreme Court, in adopting the opinion of the Commission of Appeals, may be said to have determined that a distinction made by the statute in the respect mentioned between individuals on the one hand and private corporations, associations, and joint-stock companies on the other is not an arbitrary one, but constitutes the basis of a reasonable classification. In so deciding, the major problem presented by this appeal is settled.

We have only to consider further whether the same classification be equally unobjectionable with reference to fixing venue in any county where the defendant has an agent or representative as in a county where the cause of action or a part thereof arose. We readily reach the conclusion that, in principle, one of the two grounds of venue is just as free from constitutional condemnation as the other. In fact, if there be any difference, it would appear to be in favor of the constitutionality of the ground permitting suit to be brought in the county where defendant has an agency or representative. There is, at least, one difference in an individual and a corporation with reference to agency that may serve as a basis of classification that does not exist between them with reference to the place where a cause of action may arise. That difference inheres in the fact that a corporation can only act through an agent, while an individual, although he may do so, is under no such necessity.

However, we deem it unnecessary to set forth the reasons which may serve to justify a classification that makes a distinction between individuals and corporations, associations, and joint-stock companies. We merely content ourselves with the declaration that, in our opinion, the constitutionality of the statute in question is fully sustained by the decision mentioned.

The judgment of the trial court will therefore be affirmed.