### SOUTHERN UNION LIFE INS. CO. v. PESEK. (No. 8286.)

Court of Civil Appeals of Texas. San Antonio. Dec. 11, 1929.

Rehearing Denied Jan. 15, 1930.

Anderson & Orr, of Fort Worth, for appellant.

Durell Miller, of Yoakum, and H. W. Wallace, of Cuero, for appellee.

SMITH, J. The case involves the constitutionality of the exception to the Texas venue statute (subdivision 23, Art. 1995, R. S. 1925), in which it is provided that private domestic corporations may be sued in any county in which the cause of action sued on, or any part thereof, arises. Under the exception, appellee sought to sustain venue in De Witt county in a suit against appellant, a private corporation domiciled in Tarrant county. The validity of that exception is the only question presented by the appeal.

The exception is made, by the statute under fire, to apply to private domestic corporations alone. It does not apply to a natural person, who may, in such case as that provided for in the exception, assert and enforce his privilege (allowed generally to all resident litigants) to be sued only in the county of his domicile. That privilege, vouchsafed to all in the general statute, is expressly taken from the corporation by the exception here involved. It is the contention of appellant that by this discrimination it, as a corporation, is denied the equal protection of the law, and of equal laws, guaranteed it under the provisions of the Fourteenth Amendment to the Constitution of the United States. It is asserted that this discriminating classification between individuals and private corporations is arbitrary, and based upon no real or substantial difference, having a reasonable relationship to the subject-matter of the legislation, to wit, venue.

This discrimination sought to be created by the exception between the corporation and the individual is of course obvious, for by the terms of the statute the one is denied, while the other is vouchsafed, the very valuable privilege of litigating causes of action asserted against it, or him, in the county of its or his domicile. As the domicile of the domestic corporation is just as certainly and definitely fixed and ascertainable, in a particular county of the state, as is that of the citizen, and, as either is just as easily reached, served, and haled into court in the county of such domicile as the other, the writer is unable to perceive any rational basis for the frank discrimination, with relation to the subject of venue of suits. But the matter has been definitely decided, adversely to appellant's contention of the invalidity of the exception, by our Supreme Court, through the opinion of the Com-

mission of Appeals in answering this very question here raised, which was certified to the Supreme Court by the Court of Civil Appeals of the Tenth District. Grayburg Oil Co. v. Powell (Tex. Com. App.) 15 S.W.(2d) 542.

The question is therefore foreclosed against appellant, and the judgment is affirmed.