## OHIO OIL CO. v. VARNER.

### No. 13010.

Court of Civil Appeals of Texas. Dallas.

March 22, 1941.

Head, Dillard, Maxey-Freeman & Mc-Reynolds, of Sherman, and William Pannill and John L. Camp, both of Houston, for appellant.

Webb & Webb and Fred C. Varner, Jr., all of Sherman, for appellee.

LOONEY, Justice.

This appeal is from a judgment overruling appellant's plea of privilege to be sued in Harris County. The suit was filed by Fred C. Varner, appellee, who, previously, had served appellant at Sherman, Grayson County, as distributor of petroleum products, operating under a written contract, on a commission basis.

Appellee contested the plea of privilege, contending that the court had venue of the cause under Subds. 5 and 23 of Art. 1995, R.C.S., Vernon's Ann.Civ.St., alleging "That heretofore, to-wit, on or about the 1st day of March, 1936, plaintiff and defendant entered into a written contract by virtue of which plaintiff should purchase from the defendant kerosene and gasoline, delivery at Sherman, Grayson County, Texas, said contract renewed and amended by one dated the 1st day of March, 1937." (The allegation that "plaintiff should pur-

chase," obviously was a lapsus linguae, as the written contract introduced shows that plaintiff was a distributor and not a purchaser.) "That under and by virtue of the terms of said contract, the plaintiff was to receive gasoline and kerosene in Sherman, Grayson County, Texas. That said products were to be sent from stations in Fort Worth, Tarrant County, Texas. That on or about November 1, 1936, defendant, its agents and employees, duly authorized, requested plaintiff to accept the gasoline and kerosene at its refinery in Fort Worth, Tarrant County, Texas, with the understanding that adjustments would be made in the future, adjusting the losses occasioned by reason of the said products being hot at the refinery, and with the understanding and agreement that plaintiff should be paid the amount that the products would shrink by reason of being hot at the refinery, and before ready for sale by retail or wholesale. That plaintiff took said property as issued at the refinery. That between the dates of November 1, 1936, and November 1, 1937, the loss in gasoline and kerosene by virtue of being hot and received at the refinery was One Thousand Six Hundred Forty Seven & 7/100 ($1,647.07) Dollars. That plaintiff made demand upon defendant for payment of this amount, and defendant wholly failed and refused to pay same or any amount thereof, to plaintiff's damage in the sum of One Thousand, Six Hundred Forty Seven & 7/100 ($1,647.07) Dollars." Appellee set out Subds. 5 and 23 of Art. 1995, R.C.S., alleged specifically that, appellant had an agent in Grayson County, but failed to allege any fact or facts, showing that the cause of action, or a part thereof, arose in Grayson County.

Hearing on the contest was set for October 28, 1938, but, on that day, the court entered the following order: "On this day hearing on the plea of privilege is passed by agreement of all parties." At the subsequent term, the court entered the following order: "On this day (Jan. 3, 1939) this cause is continued for the term without prejudice to defendant's plea of privilege." At the next term, the court entered the following order: "On this day (August 12, 1939) this cause is continued for the term without prejudice to defendant's plea of privilege." At the next term, the court heard evidence, sustained the contest, and overruled appellant's plea of privilege, from which this appeal was prosecuted.

When the contest was taken up for hearing, appellant objected, contending that the court lost jurisdiction for all purposes, except to enter an order transferring the cause to a court of proper jurisdiction in Harris County. This contention being overruled, appellant assigned error.

■ As heretofore shown, at the first term of court, the contest was passed by agreement of all parties, and at the two succeeding terms, the cause having been continued without prejudice to the plea of privilege, the presumption must be indulged that these orders were entered for reasons authorized by law. See Dorroh v. McKay, Tex.Civ.App., 56 S.W. 611; Gregg v. De Shong, Tex.Civ.App., 107 S.W.2d 893, 899.

■ We do not think venue can be maintained under Subd. 5 of the venue statute, because the suit was not based upon the breach of any provision of the written contract, but upon the breach of the alleged verbal contract. The written contract provides that such petroleum products as appellee deemed necessary to supply the trade, were to be shipped as ordered, and delivered to him at Sherman; later, according to appellee's allegation, an agreement was entered into whereby appellee received delivery of gasoline at appellant's refinery in Fort Worth, Tarrant County, and after being thus delivered, was hauled by appellee to Sherman, placed in a proper receptacle, and later sold to the trade. It being discovered that gasoline, delivered hot at the refinery, would shrink in the process of cooling, and to take care of this shrinkage and save appellee harmless from loss incident thereto, the parol agreement —upon which he based his cause of action —was entered into. These facts forbid the idea that venue can be maintained under Subd. 5 of Art. 1995.

■ Although, in his contesting plea, appellee alleged that the court below had venue under Subd. 23 of Art. 1995, setting out the subdivision in extenso, we do not think venue can be maintained in Grayson County on the idea that appellant had an agent there, because no proof was offered to that effect; and furthermore, he failed to allege any fact or facts showing or tending to show that the cause of action declared upon, or any part thereof, arose in Grayson County. His allegations in this respect being mere conclusions, as repeatedly held, were insufficient to present

the issue. See Bramblett v. Roby State Bank, Tex.Civ.App., 67 S.W.2d 450; Faught v. Cloud, Tex.Civ.App., 131 S.W.2d 137. However, the proof was clear and undisputed to the effect that the parol agreement—the alleged breach of which constituted appellant's cause of action—was made in Grayson County; also was breached there; either fact being sufficient, under Subd. 23 of Art. 1995, to confer venue on the court below, if properly pleaded.

■ Within the meaning of Subd. 23, a cause of action against a private corporation for the breach of a contract consists of the contract itself and its breach, hence suit may be maintained in the county where the contract was made. This rule was announced by Judge Levy in Early-Foster Co. v. A. P. Moore's Sons, Tex.Civ.App., 230 S.W. 787, 788, with citation of authorities, as follows: "The term 'cause of action' used in this section, as construed, consists of the contract and its breach, and the right and the injury thereto [Houston & T. C.] Ry. Co. v. Hill, 63 Tex. 381, 51 Am.Rep. 642; Western Wool Commission Co. v. Hart ([Tex.] Sup.) 20 S.W. 131; Cuero Cotton Oil & Mfg. Co. v. Feeders' Supply Co. [Tex.Civ.App.], 203 S.W. [79] 80; Dallas Waste Mills v. Early-Foster Co. [Tex.Civ.App.], 218 S.W. 515. Under these authorities the requirement of the section that 'part' of the cause of action must have arisen in the county where the suit is brought is satisfied upon proof that the contract was made in that county"; also, suit may be maintained in the county where the breach occurs, as stated by Judge Nickels, in Mercantile, Etc., Co. v. Schuhart, 115 Tex. 114, 119, 277 S.W. 621, 624, with full citation of authorities, as follows: "The facts which show the breach are as much a part of the cause of action as are those which show the duty or covenant itself. See, also, Phillio v. Blythe, 12 Tex. 124; Houston & T. C. Ry. Co. v. Hill, 63 Tex. 381, 51 Am.Rep. 642; Mangum v. Lane City Rice Milling Co. (Tex.Civ.App.) 95 S.W. 605; Floresville Oil & Mfg. Co. v. Texas Ref. Co., 55 Tex. Civ.App. 78, 118 S.W. [194] 196; Planters' Cotton Oil Co. v. Whitesboro Cotton Oil Co. (Tex.Civ.App.) 146 S.W. 225; Rhome Milling Co. v. Cunningham (Tex.Civ.App.) 171 S.W. 1081."

■■ In view of the undisputed facts showing that the parol agreement sued upon was made in Grayson County, and, as we think, also breached there, we are unwilling to render judgment, but think the ends of justice require that the case be remanded. As said by Judge Speer, in Associated Oil Co. v. Hart, Tex.Com.App., 277 S.W. 1043, 1045, approved by Sup.Ct., "It is the rule, where a judgment has been reversed, to remand to the trial court rather than to render, where the ends of justice will be better subserved thereby. Such remanding has often been ordered to supply additional testimony, to amend the pleadings, and even to show jurisdiction. Buzard v. Bank, 67 Tex. 83, 2 S.W. [54] 59, 60 Am.Rep. 7; Combes v. Stringer, 106 Tex. 427, 167 S.W. 217; Hill v. Moore, 85 Tex. 335, 19 S.W. 162; Dunn v. Taylor, 102 Tex. 80, 113 S.W. 265; Smith v. Patton (Tex.Com.App.) 241 S.W. 109; Faulkner v. Reed (Tex.Com.App.), 241 S.W. 1002; Camden [Fire Ins.] Co. v. Yarbrough (Tex.Com.App.) 215 S.W. 842; Baker v. Shafter (Tex.Com.App.) 231 S.W. 349; Pershing v. Henry (Tex. Com.App.) 255 S.W. 382." Also, see Daniel v. Henslee, 94 S.W.2d 197, where this court made a similar disposition of the case.

Appellant, in our opinion, unduly stresses a seeming variance between the allegations and proof. As before shown, appellee alleged that on March 1, 1936, he and the appellant entered into a written contract which was renewed on March 1, 1937, under the terms of which appellant was to deliver petroleum products to appellee at Sherman, Grayson County; that subsequently, on or about November 1, 1936, a parol agreement was entered into, the breach of which constituted appellee's cause of action, to the effect that appellant would make deliveries at its refinery in Fort Worth, etc. It was shown that the contract dated March 1, 1936, was in the name of the Marathon Oil Company, a West Virginia corporation, and that the contract dated March 1, 1937, was with The Ohio Oil Company (appellant), an Ohio corporation. The connection between these corporations was not alleged, but some proof was offered to the effect that the contracts were appellant's, made for its benefit, and the writings contain recitals and indicia corroborating this idea. The contracts seemingly are identical, except one is in the name of the Marathon, the other being in the name of the Ohio. They are on same form, No. 87, and belong to same Class A, signed by same individuals as officers of the respective corporations,

and the one in the name of appellant provides that it "shall cancel and supersede all previous contracts existent between the parties hereto insofar as the subject matter hereunder is concerned," implying that a previous contract existed.

If, in fact, the contract in the name of Marathon Oil Company, dated March 1, 1936, was made for appellant's benefit, it would be liable thereunder and could recover thereon (see W. B. Clarkson & Co. v. Gans S. S. Line, Tex.Civ.App., 187 S.W. 1106, writ refused), but that question, in our opinion, is not controlling on the issue of venue, which, under our view heretofore expressed, is not determined by any provisions of the written contract. However, the question of variance may, or may not, become important on the trial of the cause on its merits.

For reasons heretofore stated, the cause will be reversed and remanded for further proceedings.

Reversed and remanded.