GLEASON v. SOUTHWESTERN SUGAR & MOLASSES CO.

No. 2818.

Court of Civil Appeals of Texas. Waco.

Oct. 28, 1948.

Lon D. Herbert, of Alice, for appellant.

Jack W. Knight, of Houston, for appellee.

HALE, Justice.

Appellant sued appellee, a private corporation, in the District Court of Jim Wells County for damages on account of the alleged breach of a contract involving the purchase, and sale of a pump. Appellee answered with a plea of privilege, asserting the right to be sued in Harris County. Appellant duly controverted the plea upon the grounds set forth in Subdvs. 5 and 23 of Art. 1995, Vernon's Tex.Civ. Stats. A hearing upon the issues thus joined by the pleadings was had before the court below without a jury and resulted in judgment sustaining the plea of privilege.

By appropriate points in his brief appellant says the court below erred in trans-

ferring the cause to Harris County because, among other reasons, his controverting affidavit and the undisputed evidence adduced upon the hearing show conclusively that his cause of action, or a part thereof, arose in Jim Wells County. We sustain this contention.

Subdv. 23 of Art. 1995, Vernon's Tex.Civ.Stats., provides in effect that suits against a private corporation may be brought in any county in which the cause of action, or a part thereof, arose. The making of a valid contract and its breach, with resulting damage, gives rise to a cause of action on behalf of the aggrieved party. Consequently, within the meaning of the foregoing venue statute, such a cause of action arises in part within the county where the contract is made or where it is breached. Silvers Box Corp. v. J. E. Stone & Co., Tex.Civ.App., 248 S.W. 1104; United States Pipe & Foundry Co. v. City of Waco, Tex.Civ.App., 100 S.W.2d 1099; National Life Co. v. Wolverton, Tex.Civ. App., 163 S.W.2d 654; Panther Oil & Grease Mfg. Co. v. Schumaker, Tex.Civ. App., 166 S.W.2d 205.

Furthermore, it is generally held that a contract is made at the place where the offer of one of the contracting parties is accepted by the other party. Texas Supply Co. v. Clarke, Tex.Civ.App., 220. S.W. 573; Early-Foster Co. v. A. P. Moore's Sons, Tex.Civ.App., 230 S.W. 787; Cowdin Grocery Co. v. Early-Foster Co., Tex. Civ.App., 237 S.W. 578.

Upon the hearing in this proceeding appellant introduced in evidence 14 written exhibits, various stipulations and admissions, and the verbal testimony of three witnesses, all as shown in the statement of facts. The evidence so introduced is clear and free of conflicts. Appellee offered no evidence.

Under the 1st, 2nd and 3rd points in his brief, appellant says his controverting affidavit and the undisputed evidence developed at the hearing show (1) that the contract here sued upon was made in Jim Wells County because such contract was shown to consist of an offer of appellee which was accepted by appellant in the lat-

**642**

ter county; (2) that the contract was breached by appellee in Jim Wells County; and (3) that appellant's damages resulting from the breach of the contract were sustained in that county. A statement of the facts and evidence pertinent to each point, with references to the pages in the record where the same may be found, is set forth in the brief in accordance with the requirements of Rule 418, Texas Rules of Civil Procedure. The statements so made by appellant have not been challenged by appellee. In fact, appellee has not favored this court with any brief or oral argument and hence we do not know what its views might be in regard to the appeal.

Since appellee has wholly failed to challenge any of the statements made by appellant in his original brief as to the facts or the record in the proceedings below, this court would be warranted under the provisions of Rule 419, TRCP, in accepting the statements so made by appellant as correct, if we saw fit to do so. Bridges v. Williams, Tex.Civ.App., 171 S.W.2d 372; Refugio Lumber Co. v. Bailey, 172 S.W.2d 133, er. ref.; Headstream v. Mangum, Tex.Civ.App., 174 S.W.2d 496, Pt. 1 and authorities; Rayburn v. Giles, 182 S.W.2d 9, er. ref. However, we have checked the references in appellant's brief to the record as therein cited and find the same to be correct. We have also inspected the entire statement of facts and have concluded therefrom that a part of appellant's cause of action necessarily arose in Jim Wells County, within the purview and meaning of the venue statute.

The undisputed evidence shows that the offer on behalf of appellee to purchase the pump was submitted by long distance telephone from Houston to appellant at Alice in Jim Wells County and such offer was accepted by appellant in that county. The contract of purchase and sale as evidenced by the telephone conversation was thereafter confirmed by a letter from appellee to appellant. The letter was received and accepted by appellant in Jim Wells County as confirmation of the contract sued upon. After making certain alterations and repairs upon the pump at Alice, as required by the contract, appel-

lant delivered the same to a common carrier in Alice, consigned to appellee at Houston. Appellee received the pump at Houston, retained its possession for several months and then, without appellant's knowledge or consent, caused the same to be placed upon the premises of appellant at Alice without paying any part of the repair bills or purchase price agreed upon.

Because we have concluded that a part of appellant's cause of action arose in Jim Wells County, the judgment appealed from is reversed and judgment is here rendered overruling appellee's plea of privilege to be sued in Harris County.

LESTER, C. J., and TIREY, J., concur.