**CACTUS PETROLEUM COMPANY,**
Appellant,

v.

**Johnny SUMMERS et al., Appellees.**

No. 6821.

Court of Civil Appeals of Texas.
Amarillo.

Dec. 15, 1958.

Rehearing Denied Jan. 12, 1959.

Vinson, Elkins, Weems & Searls, and Leroy Jeffers, Houston, for appellant.

Samuel H. Wilds, Dumas, for appellees.

NORTHCUTT, Justice.

This is a question of venue. We adopt the appellant's statement of the nature of the suit as follows: "Appellees as former employees of appellant sued for overtime compensation at the rate of time and one-half for all hours worked by them in excess of forty (40) hours per week in the employment of the appellant under the provisions of the Wage and Hour Law. They further allege that they were employed by the appellant at a wage of 20% of the difference between the buying price and the selling price of the crude oil which they transported as drivers of appellant's trucks and that they were paid a lesser amount, i. e., 20% of the trucking charge or truck earnings. Appellant duly filed its Plea of Privilege to be sued in Harris County, the county of its residence, which appellees controverted by invoking Subdivision 23 of Article 1995, Vernon's Annotated Texas Statutes, contending that their causes of action or a part thereof arose in the county of suit.

"Appellee E. W. Harder intervened, alleging the same causes of action, to which appellant duly filed its Plea of Privilege, which was again controverted by invoking Subdivision 23 of Article 1995. It was stipulated that the Plea of Privilege to the intervention could be deemed submitted to the trial court under the same testimony heard by the court on the hearing of the Plea of Privilege of the defendant to the Petition of the original Plaintiffs.

"After hearing, the trial court overruled appellant's Pleas of Privilege, to which action the appellant duly excepted and gave notice of appeal to this Court. The appeal has been duly perfected."

We make no reference to the contention of the parties as to the Wage and Hour Law, and neither do we express an opinion on such matter, since we do not consider that would have any bearing, under this record, with our disposition of this case as to venue. The sole question for us to

determine is whether the appellees pleaded and offered sufficient evidence to sustain the holding of the trial court in overruling appellant's plea of privilege. Appellees did plead and prove that they were hired or contracted with in Dumas, Moore County, Texas, and testified they were to receive 20 per cent of the difference between the buying price and the selling price of the crude oil which they transported as drivers of appellant's trucks and that they were paid a lesser amount. The appellees sought to recover the amounts due to each of them, which they contended was the difference in the amount they were paid and what they were entitled to under their contract with appellant.

Appellees sought to hold venue in Moore County, Texas by virtue of Section 23 of Article 1995 of Texas Civil Statutes. This section provides that a suit against a private corporation may be brought in the County in which the cause of action or part thereof arose. It is undisputed that the appellees were hired or contracted with in Dumas, Moore County, Texas, and were hired by Mr. Florence, the Supervisor who had an office in Dumas at the time. There is no question raised as to Mr. Florence being the representative of appellant and neither is there any question as to appellees being contracted with in Moore County. As to that part of appellees' claims that they were to receive 20 per cent of the difference in the buying price and the selling price, it is the contention of appellant that the 20 per cent was based upon the profit made between the buying price and the selling price. In other words, appellant contended its investment and expenses should be taken into consideration in determining what the buying price was to it.

As we view this record, the sole question here to be determined is whether the fact that the contract was made in Moore County and that part of the work was performed there was sufficient to hold venue in Moore County. We do not depend alone upon performing part of the work in Moore County to sustain venue.

A different situation arises, however, where the contract was made and entered into. Without the contract, appellees would have no cause of action and, consequently, the contract must be a part of the cause of action. We are of the opinion that the case of Ohio Oil Co. v. Varner, Tex.Civ. App., 150 S.W.2d 185, 188, and the cases therein cited are directly in point here where it is said:

"Within the meaning of Subd. 23, a cause of action against a private corporation for the breach of a contract consists of the contract itself and its breach, hence suit may be maintained in the county where the contract was made. This rule was announced by Judge Levy in Early-Foster Co. v. A. P. Moore's Sons, Tex.Civ.App., 230 S.W. 787, 788, with citation of authorities, as follows: 'The term "cause of action" used in this section, as construed, consists of the contract and its breach, and the right and the injury thereto (Houston & T. C.) Ry. Co. v. Hill, 63 Tex. 381, 51 Am.Rep. 642; Western Wool Commission Co. v. Hart (Tex.Sup.) 20 S.W. 131; Cuero Cotton Oil & Mfg. Co. v. Feeders' Supply Co. (Tex.Civ.App.), 203 S.W. (79) 80; Dallas Waste Mills v. Early-Foster Co. (Tex.Civ.App.), 218 S.W. 515. Under these authorities the requirement of the section that "part" of the cause of action must have arisen in the county where the suit is brought is satisfied upon proof that the contract was made in that county'; also, suit may be maintained in the county where the breach occurs, as stated by Judge Nickels, in Mercantile Bank & Trust Co. v. Schuhart, 115 Tex. 114, 119, 277 S.W. 621, 624, with full citation of authorities, as follows: 'The facts which show the breach are as much a part of the cause of action as are those which show the duty or covenant itself. See, also, Phillio v. Blythe, 12 Tex. 124; Houston & T. C. Ry. Co. v. Hill, 63 Tex. 381, 51 Am.Rep. 642;

Mangum v. Lane City Rice Milling Co. (Tex.Civ.App.) 95 S.W. 605; Floresville Oil & Mfg. Co. v. Texas Refining Co., 55 Tex.Civ.App. 78, 118 S.W. (194) 196; Planters' Cotton Oil Co. v. Whitesboro Cotton Oil Co. (Tex.Civ. App.) 146 S.W. 225; Rhome Milling Co. v. Cunningham (Tex.Civ.App.) 171 S.W. 1081.'"

Since the contract sued upon was made and entered into in Moore County and was naturally a part of appellees' cause of action, we think the trial court was correct in sustaining venue in Moore County.

Judgment of the trial court is affirmed.