SHAMROCK OIL AND GAS CORPORA-
TION, Appellant,

v.

Bertie N. PRICE et al., Appellees.

No. 7211.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 7, 1963.

Rehearing Denied Feb. 4, 1963.

appellant to appellees for certain gas. It was the appellant's contention that it paid to appellees the market value of the gas, and appellees contend the market value was more than paid for by appellant. The suit was filed in Sherman County, Texas. Appellant filed its plea of privilege seeking to have the case transferred to Potter County, the place of its principal office and place of business. Appellees filed their controverting plea of privilege seeking to hold venue in Sherman County by virtue of Sections 23 and 27 of Article 1995, Vernon's Ann.Texas Civil Statutes. It is true, the appellees in the controverting plea also contended venue should be held in Sherman County by virtue of Sections 5 and 14 of Article 1995, but we do not believe they urge those sections in this appeal. However, should we be wrong in our belief, we hold Sections 5 and 14 have no application in this appeal. The question here concerns the payment of the market value of gas. There is nothing in the oil and gas leases stating where payments were to be made as being a contract performed in Sherman County under the terms of Section 5 and the suit does not involve lands as provided in Section 14. The plea of privilege was overruled and from that judgment appellant perfected this appeal.

Appellant's first point contends that Section 23 of Article 1995 does not apply to foreign corporations. Section 23 refers to corporations and makes no distinction between foreign and domestic corporations. Section 23 applies alike to foreign corporations and domestic corporations. Grayburg Oil Co. v. Powell, 118 Tex. 354, 15 S.W.2d 542; Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978; Pittsburg Water Heater Co. v. Sullivan, 115 Tex. 417, 282 S.W. 576.

By appellant's second point of error it is urged that Section 27 of Article 1995 is unconstitutional since it conflicts with Section 23 of Article 1995. We do not believe that it is necessary for us to pass upon the constitutionality of Section 27 in de-

Underwood, Wilson, Sutton, Heare & Berry, J. Avery Rush, Jr., and Ed H. Selecman, Amarillo, for appellant.

Richards & Ferguson, Dalhart, Cantey, Hanger, Johnson, Scarborough & Gooch, Fort Worth, for appellees.

NORTHCUTT, Justice.

This appeal is from an order overruling a plea of privilege. Appellant is a foreign corporation having a permit to do business in Texas, with its principal office in Amarillo, Potter County, Texas. The suit was instituted by appellees to recover of appellant the difference in the sum paid by

termining the question of venue here, but where Section 27 conflicts with Section 23 it has been held unconstitutional. Maryland Casualty Company v. Torrez, Tex.Civ. App., 359 S.W.2d 559 (writ dismissed).

■ Appellees executed certain oil and gas leases to appellant on land situated in Sherman County. There is no question but that certain wells were drilled and gas produced. Neither is there any question about appellant having the right to purchase appellees' portion of the gas produced and appellant agreeing to pay the market value. The leases were signed in Sherman County by appellees and sent to either the First National Bank of Amarillo or the Amarillo National Bank with drafts attached. The leases were to be delivered when title was approved by appellant's attorney and accepted by appellant and the drafts paid. The drafts were paid by appellant at the banks in Amarillo. A deed or oil lease is not executed until there is delivery of it and the consideration therein required is paid. Johnson v. Freytag, Tex.Civ.App., 338 S.W.2d 257 (NRE).

Appellant did not agree in the leases to make payment in Sherman County. The record is silent as to where payments were to be made. It is stated in Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120 by the Supreme Court as follows:

"From this it would apparently follow that the essential obligation in suit for venue purposes is that of payment, and since no place of performance of that obligation is stated in the contract, no exception to the general rule of venue at the domicile is involved."

■ This suit is for the failure of appellant to pay the difference in royalties based upon the value as computed and paid for by appellant and royalties based upon the market value as claimed by appellees as being the proper rate. Stated in another manner, appellant claimed it had paid appellee the value for the gas and appellees contended appellant had not paid the market

value and that the market value was higher than paid for by appellant. The leases were accepted in Potter County. Consequently, Potter County was the county in which the contracts or leases were made. Harris & Beeman v. Koon, Tex.Civ.App., 229 S.W.2d 212 and the cases there cited; Gleason v. Southwestern Sugar & Molasses Co., Tex.Civ.App., 214 S.W.2d 640; National Life Co. v. Wolverton, Tex.Civ. App., 163 S.W.2d 654; Wood Motor Co. v. Hawkins, Tex.Civ.App., 226 S.W.2d 487. It is also true that a cause of action accrues for the breach of a contract at the place where the breach occurred. National Life Co. v. Wolverton, Tex.Civ.App., 163 S.W.2d 654. The market value at the wells would be the place where the market value should be shown; but as we see the matter, it would not determine the place of payment. The agreement to pay the market value was made in Potter County and if it failed to pay the market value since no place of performance of that obligation is stated in the leases, the failure was in Potter County. We are unable to see where any part of the transactions creating the primary right or some part of the transaction relating to the portion of that right accrued in Sherman County, and one or the other must have happened in Sherman County to hold venue there. Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W. 2d 674 and cases there cited.

■ By the expression "the cause of action or a part thereof accrued" means the right to institute and maintain suit and whenever one person may sue another a cause of action has accrued. Luling Oil & Gas Co. v. Humble Oil & Refining Co., 144 Tex. 475, 191 S.W.2d 716.

■ This is not a suit to recover for oil and gas taken and not paid for but is based upon the contention appellant has paid less than the market value. The leases having been accepted in Potter County, we think the contract to pay market value was made in Potter County; and no statements having been made as to where such pay-

ments were to be made, that such payments would be at appellant's principal office and that venue would be in Potter County where appellant's principal office is located.

Judgment of the trial court is reversed and the case ordered transferred to a district court in Potter County, Texas. Reversed and rendered with instructions.

DENTON, Chief Justice (concurring).

I agree that the judgment of the trial court should be reversed and the court instructed to enter an order transferring this case to the District Court of Potter County, Texas.

The plaintiffs' suit is in the nature of an accounting in which damages are sought by reason of the alleged failure of Shamrock to pay the correct amount of royalties in accordance with the terms of the oil and gas leases. It is undisputed that royalties are being paid. The crux of the case is whether or not the royalties are being computed at the correct rate under the terms of the leases; that is to say, the principle element of the cause of action to be proved in the venue hearing is that of payment.

Appellees, in relying on Subdivisions 23 and 27 of Article 1995, contend they have alleged and proved that the cause of action "or a part thereof" arose in Sherman County; and that the significant fact which activated the obligation to pay was the production of gas in Sherman County. The fact production of gas was obtained in Sherman County is an evidentiary matter. Proof that production was had, in addition to the amount of production, will be essential on the trial of the case on its merits in order to establish the amount of damages, if any; but production itself does not constitute a part of the cause of action for venue purposes. As the essential element of the cause of action for venue purposes is that of payment, and since no place of payment is stated in the leases, no exception to the general rule of venue at the domicile of the defendant is involved. Rorschach v.

Pitts, 151 Tex. 215, 248 S.W.2d 120. Although the Rorschach case involved Subdivision 5 of Article 1995, the reasoning and conclusions therein expressed are applicable to the case at bar. Whatever obligation Shamrock owes to the appellees, it is owed under the lease contracts.