**M. T. DISMUKES, Appellant,**

v.

**H & S WATER WELL SERVICE, INC., Appellee.**

**No. 4807.**

Court of Civil Appeals of Texas.

Waco.

March 13, 1969.

R. E. Lopez, Jr., Alice, Nago L. Alaniz, San Diego, for appellant.

Cullen, Mallette, Maddin, Edwards & Williams, Victoria, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment granting defendant H & S Water Well Service's plea of privilege to be sued in Victoria County.

Plaintiff Dismukes brought suit in Duval County against defendant, H & S, a water well drilling company, for damages arising from the drilling of a well by defendant H & S, in Duval County, for plaintiff. Plaintiff alleged that defendant was negligent in drilling the well, and further breached an implied warranty to perform the contract in a good and workmanlike manner. Defendant filed its plea of privilege to be used in Victoria County, the County of its residence. Plaintiff controverted, asserting venue in Duval County under subdivisions 9a and 23 of Article 1995 Vernon's Ann. Tex.Civ.St.

After hearing without a jury, the trial court entered judgment sustaining defendant's plea of privilege to be sued in Victoria County.

Plaintiff appeals contending the trial court erred in sustaining defendant's plea of privilege in that: 1) Defendant was guilty of negligence occurring in Duval County proximately causing plaintiff's damages under subdivision 9a Article 1995; and, 2) Plaintiff proved a cause of action

against defendant corporation, arising in Duval County, under subdivision 23, Article 1995.

■ We revert to defendant's 1st contention. Defendant contracted to dig plaintiff a well, and did so. After the well was completed it caved in or collapsed. There was evidence that the well had a bend of 41 degrees at a depth of 255 feet; and evidence that there were stronger ways of perforating well pipe than used by defendant; and that defendant raised and lowered the pipe in an attempt to seat it to the bottom of the hole.

There was also evidence that cave-ins can be caused by other things than the foregoing. There was no evidence that any negligent act of defendant caused the directional deviation in the hole, or the cave-in.

We think the trial court authorized to find as it did that defendant was guilty of no negligence in Duval County, causing plaintiff's damages.

■ Plaintiff's 2nd contention is that plaintiff proved a cause of action against defendant, a corporation, arising in Duval County under subdivision 23.

Plaintiff asserts that defendant is a corporation; made a contract in Duval County to drill plaintiff a well in a good and workmanlike manner, and that such contract was breached in Duval County.

Subdivision 23 provides that suits against corporations may be brought in the county in which the cause of action, or a part thereof occurred.

The venue facts under such subdivision are: 1) That defendant is a corporation; 2) That plaintiff had a cause of action against defendant; 3) That such cause of action or a part thereof arose in the County of suit. Admiral Motor Hotel of Texas, Inc. v. Community Inns CCA (NWH), Tex. Civ.App., 389 S.W.2d 694; Stone Fort National Bank v. Forbess, 126 Tex. 568, 91 S. W.2d 674. Defendant is a corporation, and the contract was made and the drilling performed in Duval County. There is no cause of action unless a breach of the contract be proved. The evidence conflicts as to whether defendant drilled plaintiff's well in a workmanlike manner. From the record we think the trial court authorized to find as it did.

Plaintiff's points and contentions are overruled.

Affirmed.