**VAN WATERS & ROGERS, INC.,**
**Appellant,**

v.

**J. V. KILSTROM et al., Appellees.**

**No. 4892.**

Court of Civil Appeals of Texas, Waco.

June 25, 1970.

Rehearing Denied July 16, 1970.

Sheehy, Jones, Cureton, Westbrook & Lovelace, Wayne Scott, Waco, for appellant.

Harold Clark, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is a venue case involving subdivisions 23 and 27, Article 1995 Vernon's Ann.Tex.Civ.St.

Plaintiffs Kilstrom, Chapman, and Rowan sued defendant, Van Waters and Rogers for personal injuries received when the plug on a 55 gallon drum of sulphuric acid blew out at Hillcrest Hospital in Waco, McLennan County, Texas, causing injuries to plaintiffs. Plaintiffs alleged defendant supplied the drum of acid, with a defective plug, failed to properly label it, failed to warn plaintiffs of the danger of such acid, and failed to warn plaintiffs against storing the acid in a warm place, that such acts were negligence and a proximate cause of plaintiffs' injuries. Defendant filed its plea of privilege to be sued in Dallas County, the county of defendant's residence. Plaintiffs filed controverting plea asserting venue in McLennan County under Subdivisions 23 and 27, Article 1995.

After hearing, the trial court overruled defendant's plea of privilege. Defendant appeals on 8 points asserting that the trial court erred in holding that plaintiffs established a cause of action under subdivisions 23 and 27.

Defendant is a foreign corporation, but authorized to do business in Texas, and has its Texas office in Dallas County.

Subdivisions 23 and 27, Article 1995 V.A.T.S. provide among other things, that suits against a corporation or a foreign corporation, may be brought in the county where the "cause of action or part thereof" arose.

Defendant delivered a drum of sulphuric acid to Hillcrest Hospital in Waco, McLennan County. Defendant's employee Alexander, who made the delivery, testified he failed to warn the hospital personnel of the danger of storing the acid in a warm room; that he did not vent the drum before leaving the hospital; that it was customary to warn purchasers of the danger from pressure which might build up in a drum improperly stored. There is evidence that the drum had a label warning to relieve pressure in the drum, but there is evidence that defendant's employee dropped the drum in the mud and that mud covered such label. Plaintiffs are all hospital employees, and when plaintiff Kilstrom laid a wrench over the plug, the plug blew out and sulphuric acid blew over the face and bodies of plaintiffs, causing painful and serious injuries to them. The plug was half eaten up and there was a lot of corrosion on the bung.

■ The venue facts under subdivisions 23 and 27 as applicable to the instant case are: 1) that defendant is a corporation; 2) that plaintiffs have a cause of action against defendant; and 3) that such cause of action or a part thereof arose in McLennan County. Stone Fort National Bank v. Forbess, 126 Tex. 568, 91 S.W.2d 674; Dismukes v. H & S Water Well Service Inc., Tex.Civ.App., NWH, 439 S.W.2d 869.

■ From the record we think the trial court authorized to find as it did.

All defendant's points and contentions have been considered and are overruled.

Affirmed.

WILSON, Justice (concurring).

I concur in the result for an additional reason. Defendant on February 5, 1965

filed a motion to quash citation in which it stated it was making a "limited appearance", and alleging the person served was not its agent for service. On the same date (but one minute later) defendant filed its plea of privilege "subject to, but not waiving its limited appearance for the purpose of quashing service".

Special appearance is not recognized in Texas, Burger v. Burger, 156 Tex. 584, 298 S.W.2d 119, 121 (1957), except as provided by Rule 120a, Texas Rules of Civil Procedure; and then only for the purpose of objecting to jurisdiction on the ground the party is "not amenable to process".

The filing of the motion to quash waived the plea of privilege Rules 84, 85, and see Rule 88, Texas Rules of Civil Procedure. Decisions prior to the 1950 amendment to Rule 84 are not applicable on this question because of the modification concerning due order of pleading.