**DELHI GAS PIPELINE CORPORATION,**
Appellant,

v.

**Robert ALLGOOD et al., Appellees.**

No. 712.

Court of Civil Appeals of Texas,
Tyler.

March 22, 1973.

Rehearing Denied April 5, 1973.

W. S. Barron, Jr., Dallas, for appellant.

H. M. Harrington, Jr., Longview, for appellees.

DUNAGAN, Chief Justice.

This is a companion case to Texas Oil & Gas Corporation, a Delaware corporation v. Allgood, 492 S.W.2d 647 (Tex.Civ.App., Tyler, decided on February 22, 1973). This case presents essentially the same venue question for decision as the Texas Oil & Gas case and calls for the same holding. Our summary of the facts here will be brief, since they are fully discussed in the earlier opinion.

Appellees executed an oil, gas and mineral lease to Texas Oil & Gas Corporation (hereafter TXO) in December 1970 covering land situated in Upshur County, Texas. The lessee was entitled to drill for and produce oil, gas and other minerals for the primary term of one year and so long thereafter as production continued. The lease provided for a $\frac{1}{4}$ royalty to be paid to the lessors, but was silent as to whether a proportionate share of the treating charges on gas produced should be borne by the royalty owners.[1] Gas was produced

---

1. Certain of the oil and gas royalty provisions of such lease are set forth in Par. 3(a) and (b) as follows:

"3. The royalties to be paid by lessee are: (a) on oil, and on other liquid hydrocarbons saved at the well, $\frac{1}{4}$ of that

by TXO and sold to appellant, Delhi Gas Pipeline Corporation (hereafter Delhi), a wholly owned subsidiary of TXO.

In their first amended original suit appellees sought a declaratory judgment to construe the gas royalty provision of the lease which gives them "¼ of the amount realized from" sales of gas produced from the lease. They also sought a joint judgment against TXO and Delhi, appellant here, based on a higher price at which they allege Delhi was reselling the gas it purchased from TXO. Appellees aver they "are entitled to be paid at the price received by the parent corporation (TXO) through its wholly owned subsidiary (Delhi) for the gas taken from the lease in question."

Appellant and TXO filed pleas of privilege seeking to have the suit transferred to their home county, Dallas County. Appellees controverted and sought to sustain venue in Upshur County under subdivisions 23, 27 and 29a of Article 1995, Vernon's Ann.Tex.Civ.St.[2] They alleged in their controverting plea that "this cause is brought in the county in which a part of said cause of action accrued, which give venue to Upshur County under the provisions of secs. 23 and 27 of the venue statute, Article 1995, Texas Revised Civil Statutes." The trial court overruled the pleas of both TXO and Delhi, sustaining venue in Upshur County. In an appeal from that order brought by TXO we reversed the order of the trial court and transferred the case to Dallas County. Texas Oil & Gas Corporation v. Allgood, supra.

Appellees-plaintiffs are not residents of Upshur County, and there is no contention that appellant-defendant has its principal office or an agency or representative in such county. Therefore, venue must be predicated on that part of each of such statutory subdivisions 23 and 27 which provides that suit may be brought in the county in which the "cause of action or a part thereof" arose. In this connection, it is held that the term "cause of action" as used in both subdivisions has the same meaning. Clark, Venue in Civil Actions in Texas, Chapter 27, sec. 2, p. 156; Van Waters & Rogers, Inc. v. Kilstrom, 456 S. W.2d 570 (Tex.Civ.App., Waco, 1970, n. w. h.). Whereas subdivision 27 applies only to foreign corporations, subdivision 23 applies to both foreign and domestic corporations. Shamrock Oil and Gas Corporation v. Price, 364 S.W.2d 260 (Tex.Civ.App., Amarillo, 1963, n. w. h.). It is admitted that appellant is a corporation and, therefore, the proof requirements of subdivisions 23 and 27 are the same insofar as they apply to the subject case.

It was made clear in Stone Fort Nat. Bank of Nacogdoches v. Forbess, 126 Tex. 568, 91 S.W.2d 674, 676 (1936), that for venue to be sustainable in a county other than the county of the defendant's residence under subdivisions 23 and 27 of Article 1995, "either some part of the transaction creating the primary right, or

---

produced and saved from said land, same to be delivered at the wells or to the credit of lessor in the pipe line to which the wells may be connected; lessor's interest in either case shall bear its proportion of any expenses for treating oil to make it marketable as crude; (b) on gas, including casinghead gas and all gaseous substances, produced from said land and sold, the royalty shall be ¼ of the amount realized from such sale; . . . . "

2. Article 1995 reads in part:
    "23. Corporations and associations. —Suits against a private corporation * * * may be brought * * * in the

county in which the cause of action or part thereof arose; * * * "

"27. Foreign Corporations.—Foreign corporations * * * may be sued in any county where the cause of action or a part thereof accrued, * * * "

"29a. Two or more defendants. —Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

some part of the transaction relating to the breach of that right, must have occurred in the county where the suit is brought." It being undisputed that the appellant is a private corporation, the remaining "venue facts" (applicable to the instant case) necessary for appellee to establish were (1) that they did in fact have a cause of action against the appellant, and (2) that such cause of action, or a part thereof, arose in Upshur County. As applied to suits involving contracts a "cause of action" within the meaning of subdivisions 23 and 27 of Article 1995, V.T.C.S., permitting suits against private corporations in any county in which the cause of action, or a part thereof, arose, consists of the contract and its breach and the right and the injury thereto. The requirement of these subdivisions that "part" of the cause of action must have arisen in the county of suit is satisfied upon proof that the contract was either made or breached there. To merely prove a contract between the parties is not sufficient proof to establish that "a part" of the cause of action arose in the county where the suit was instituted. Plaintiff must show that the contract was either made or breached in the county of suit to sustain venue in said county under the two subdivisions here involved. El Laredo, Inc. v. Orr, 321 S.W.2d 624 (Tex.Civ.App., Ft. Worth, 1959, n. w. h.); Cactus Petroleum Company v. Summers, 319 S.W.2d 729 (Tex.Civ.App., Amarillo, 1958, writ dism.); Ohio Oil Co. v. Varner, 150 S.W.2d 185 (Tex.Civ.App., Dallas, 1941, n. w. h.); Early-Foster Co. v. A. P. Moore's Sons, Inc., 230 S.W. 787 (Tex.Civ.App., Texarkana, 1921, n. w. h.). In the present case there was no evidence offered at the plea of privilege hearing that showed that the lease contract was made in Upshur County or that any part of the transactions which gave rise to the suit or the breach thereof occurred in Upshur County. Neither the royalty provisions of the lease in dispute nor the sales agreement between TXO and Delhi makes Upshur County the place of performance of the agreements. Simply because the county where the suit is brought is the county in which production of the minerals is had, venue will not lie in that county absent other "venue facts" which would bring one of the subdivisions of Article 1995, V.T.C.S., into effect. Shamrock Oil and Gas Corporation v. Price, supra; Payne & Keller, Inc. v. Southwest Tank and Treater Company, 491 S.W.2d 464, decision delivered by this court on February 22, 1973, rehearing denied on March 15, 1973.

■ Since neither TXO's obligation to pay royalties to appellees nor Delhi's agreement to purchase (which appellees argue give rise to a further obligation on the part of TXO to pay additional royalties) makes the particular obligation performable in Upshur County, there is no evidence in the record to support the trial court's implied finding that the cause of action to enforce payment of royalties and to have royalties increased due to Delhi's receipts for the gas sold, or any part thereof, arose or accrued in Upshur County. The essential element of appellees' cause of action for venue purposes is that of payment. Therefore, since no place of payment is stated in either the oil and gas lease or the gas purchase agreement and no evidence showing where payments were to be made was introduced at the plea of privilege hearing, no exception to the general rule of venue at the domicile of the defendant-appellant is applicable here. Shamrock Oil and Gas Corporation v. Price, supra, and Rorschach v. Pitts, 151 Tex. 215, 248 S.W.2d 120 (1952). While the Rorschach case, supra, involved subsection 5 of Article 1995, V.T.C.S., we think the reasoning therein is applicable here. The same reasoning was followed by the Amarillo Court of Civil Appeals in the Shamrock case, supra. Whatever obligation Delhi owed appellees, if any, it owed as a result of the royalty provisions of the oil, gas and mineral lease from appellees to TXO. No evidence, or at least no probative evidence, presented at the plea of priv-

ilege hearing showed that that obligation arose or accrued in Upshur County, i. e., that the lease contract was made or performable in Upshur County, or that any breach thereof occurred there. Venue is not, therefore, maintainable in Upshur County by reason of subdivisions 23 and 27 of Article 1995, V.T.C.S.

Since we held in the Texas Oil & Gas Corporation case that that suit was not maintainable against TXO in Upshur County, subdivision 29a of Article 1995, V.T.C.S., cannot be relied on to sustain venue as to Delhi in Upshur County. We reach this conclusion without deciding whether Delhi is a necessary, or even a proper party, to the suit.

There being no evidence to support the trial court's sustaining of venue in Upshur County, it follows that appellant's plea of privilege should have been sustained. Accordingly, the judgment of the trial court is reversed and rendered and the cause ordered transferred to a District Court in Dallas County, Texas.

Reversed and rendered.

## ON MOTION FOR REHEARING

DUNAGAN, Chief Justice.

Appellees have seasonably filed their motion for rehearing. Pending hearing of the motion, however, they have filed a motion requesting leave to withdraw said motion for rehearing and that a mandate in the cause issue immediately. As grounds therefor they state that in view of the per curiam opinion of the Texas Supreme Court in Employers Casualty Company v. Clark, et ux., 491 S.W.2d 661 (1973), they have come to the conclusion that the opinion of the Court of Civil Appeals in this cause is correct "and proof of only parts of a cause of action are insufficient." The motion to withdraw the motion for rehearing is accordingly granted, and the motion for rehearing is dismissed, and it is ordered that the mandate issue immediately.